JOHN T. SHEWMAKE *et uxor*, and THOMAS A. PARSONS *et uxor*, *et al.*, plaintiffs in error, *vs.* EXECUTORS OF HENRY P. JONES, *et al.*, defendants in error.

1. Where the question is exclusively one of fact for the determination of a jury and the finding is upon testimony enough to support the verdict, this Court would not be justified, either upon principle or precedent, in granting a new trial.

2. The *accidental* omission to charge as requested, is not a sufficient ground for a new trial. If counsel making the request was present, and had observed the omission and called the Judge's attention to it, then, if the charge were pertinent and one which should have been given, the failure or refusal would have been good ground of exception.

Bill for discovery, etc.    Motion for new trial.    Decided by Judge HOOK.    Burke Superior Court.    May Term, 1866.

As all the assignments of error in this case, except one, are virtually that the verdict was wrong under the evidence, and as the other was based on an alleged refusal to charge what the Judge was willing to charge but omitted by oversight, it is unnecessary to know more of the case than appears by the following opinion.

JOHN T. SHEWMAKE, for plaintiffs in error.

E. STARNES, for defendants in error.

HARRIS, J.

1. The whole matter in this cause, arising upon the devise of a plantation and the fixing of its boundaries, being exclusively one of fact and for the determination of the jury, and such fact being found against the complainants and upon testimony enough to support the verdict, we cannot, upon either principle or precedent, be justified in interfering with this verdict by granting the new trial asked.

2. The *accidental* omission by the presiding Judge over the trial, to give in charge the requests made by complainants' counsel, does not furnish a sufficient ground for a new trial. If the counsel making the requests was present when the

jury was instructed, perceiving that his requests had not been noticed, it was his province and duty to have called the attention of the Judge to the omission. Had this course been pursued and the Judge either refused or failed, then, if the request was pertinent and one to which complainant was entitled, such refusal or failure would have furnished a ground of exception.

Judgment affirmed. -