SMALLS *v.* THE STATE.

105 669
113 719

1. It was not, in the trial of a criminal case, erroneous to permit the State to introduce evidence of a portion only of a statement made by the accused at a previous trial, without requiring the State to prove "the entire statement on the former trial," the court ruling that no part of the statement would be excluded, and the accused being given an opportunity to introduce "the entire statement, if desired."

2. When in the trial of a murder case there was evidence showing that the accused, at the time of the homicide, was a fugitive from justice charged with burglary, and the solicitor-general in his argument before the jury inadvertently referred to the accused as "a burglar," but immediately and of his own motion withdrew this language and stated that he merely intended to say the accused was "charged with burglary," and the judge followed up the correction thus voluntarily made by the solicitor-general with appropriate instructions to the jury, the impropriety of applying to the accused the term first above quoted may properly be treated as having been cured, and therefore as constituting no cause for a new trial.

3. If evidence is admitted without restriction as to its applicability to the issues involved, counsel in commenting upon it to the jury has the right to draw from it any inference apparently reasonable and legitimate, and endeavor to convince the jury of the correctness of such inferences.

(a) That portion of the argument of the solicitor-general of which complaint is made in the present case was not, in view of all the facts and circumstances in proof, improper.

4. Where in a trial for murder it was a seriously contested issue whether the fatal shot was fired by the accused or another, it would

of course be erroneous for the judge to express or intimate an opinion that it was fired by the accused; but in determining whether or not a single sentence of the charge was in this respect objectionable, it is proper to consider the entire charge and all the instructions given in connection with this particular matter.

5. There was no error, while charging upon the statement made by the accused, in instructing the jury as follows: "If you find the statement consistent and true, you have the right to believe it in preference to the sworn testimony in the case. You should not do so carelessly or capriciously; but under your oaths as jurors, considering his statement in connection with the sworn testimony in the case, and testing it in the light of such testimony, give it such weight as you think proper." LITTLE, J., dissenting.

6. Mere failure to have a verdict, or verdicts, previously rendered in the same case, covered up or concealed from the jury will not, in the absence of any request on the subject, be treated as error.

7. The requests to charge, so far as legal and pertinent, were so fully and fairly covered by the general charge given as to leave no room for doubt that the contentions of the accused therein embraced were understood and intelligently passed upon by the jury; several of the requests were properly refused because giving them would have put the judge in the attitude of expressing an opinion upon contested issues of fact, or of requiring the State to carry a greater burden than the law imposes. The evidence, though conflicting, was amply sufficient to warrant the verdict.

Argued October 4, — Decided October 13, 1898.

Indictment for murder. Before Judge Falligant. Chatham superior court.

*T. P. Ravenel* and *G. A. Mercer Jr.*, for plaintiff in error.

*J. M. Terrell*, attorney-general, and *W. W. Osborne*, solicitor-general, contra.

LUMPKIN, P. J. The plaintiff in error has been thrice convicted of committing the crime of murder upon Jansen C. Neve. The first two verdicts of guilty were set aside by this court. See 99 *Ga.* 25, and 102 *Ga.* 31. We are now to decide whether or not the court below erred in overruling the motion for a new trial filed by the accused after his third conviction. This motion contains numerous grounds. Some of them are verified absolutely by the judge, others with qualifications and explanations, and others still are not verified at all. Our rulings upon the material points presented for decision are set forth in the headnotes. In discussing them we will state in connection with each the pertinent facts as we gather them from the record;

and in this connection it is proper to say that we treat as true the recitals of fact contained in the motion for a new trial so far only as they are certified to be true by the trial judge.

1. The State offered oral evidence of certain expressions used by the accused while making his statement at one of the preceding trials, the State contending that there was a conflict between the same and certain declarations which the accused had made in his statement at the pending trial. This evidence was objected to on the ground that it was not admissible without requiring the State to prove all that was said by the accused in his statement at the previous trial. The judge admitted the evidence thus offered by the State, at the same time distinctly ruling that he would exclude no part of the former statement, and that the accused might prove the entire statement if he so desired. In *Lewis* v. *State,* 91 *Ga.* 169, it was held that a prisoner "having been previously tried for the same offense, his statement then made, conflicting with the statement on the subsequent trial, is admissible against him for the purpose of contradicting the latter." We do not think, however, that the State was obliged to introduce evidence showing the whole of the previous statement. The rule of evidence is, that when an admission, conversation or declaration previously made by a party or a witness is pertinent, the side tendering evidence as to the same is at liberty to prove such portion only thereof as is deemed material, and the other side may then bring out the whole of the admission, conversation or declaration, so far as so doing may be essential in order to arrive at the true drift, intent and meaning of what was said on the previous occasion. See *Lowe* v. *State,* 97 *Ga.* 792. It is clear that all the rights of the accused as to the matter in question were in the present instance fully guarded and protected by the ruling of which complaint is made.

2. There was evidence for the State showing that the accused, at the time of the homicide, was a fugitive from justice, charged with burglary. In commenting upon this evidence the solicitor-general inadvertently characterized the accused as "a burglar." Before any objection to this language had been made by counsel for the accused, the State's officer withdrew his remark, ex-

plaining to the jury that he had used an expression he did not mean to employ, and what he really intended to say was that the accused was "charged with burglary." It further appears that the judge followed up this voluntary explanation on the part of the solicitor-general with appropriate instructions to the jury, cautioning them to disregard the statement first made by him, and not to allow the same to in any manner injuriously affect the accused in their deliberations upon his case. We think the unintentional impropriety committed by the prosecuting officer was thus effectually cured.

3. The State also introduced evidence tending strongly to show that the accused, while fleeing from arrest upon the warrant charging him with the alleged burglary, had committed an assault with intent to murder upon one Humphreys, a constable. This evidence was admitted generally, and without any restriction whatever as to its applicability to the issues involved in the pending murder trial. The learned counsel for the plaintiff in error earnestly insisted in the argument here that the evidence just referred to was received merely to show that the accused, at the time of the homicide, was a fugitive from justice, charged with the crime of assault with intent to murder; that Neve, the deceased, had knowledge of this fact, and accordingly had authority to arrest the accused. We are, however, compelled to deal with the case as it is presented by the record, and there is nothing in the record to show that the evidence relating to the assault upon Humphreys was not admitted for all pertinent purposes. This being so, it was unquestionably the right of the solicitor-general, in his argument before the jury, to draw from this evidence any inferences apparently reasonable and legitimate and to endeavor to convince them of the correctness of such inferences. He dwelt at some length upon the facts and circumstances connected with the assault upon Humphreys, and discussed the matter in detail. He contended, among other things, that the flight of Smalls after assaulting Humphreys, up to the time when Neve sought to arrest the accused, although three days had intervened, was continuous, and that his conduct during the entire time was a matter which the jury had a right to consider in arriving at his real attitude on the occasion

when Neve was killed.    Upon the assumption that he was slain
by a bullet from a rifle discharged by Smalls, " the vitally con-
trolling issue in the case was whether, in committing the homi-
cide, the accused was resisting a lawful attempt to arrest him,
or in good faith making a defense against an unlawful assault
upon himself, or what he honestly believed was such an assault.
The motives of the accused were directly in issue, and any evi-
dence fairly illustrating or throwing light upon the same was
competent, as being explanatory of his conduct under the sur-
rounding circumstances." · See 99 *Ga.* 31.    Anything which
tended to throw light upon the attitude, intention and purposes
of the accused at the time of the fatal rencontre between Neve
and himself was legitimate matter of proof, and a proper sub-
ject of comment.    Whether the accused, on that occasion, was
in a state of armed hostility to, and deliberate defiance of, the
lawful authorities, or was in good faith standing upon his de-
fense and seeking to resist an unlawful assault upon himself,
was one of the most important questions in the case, and the cor-
rect solution of it necessarily depended upon what inferences
should be drawn from all the facts and circumstances in proof.
In determining what his real attitude on the occasion referred
to was, the fact that he was a fugitive from justice, charged with
two grave offenses, and the further fact that while a warrant au-
thorizing his arrest for one of them was about to be served upon
him he shot the arresting officer, under circumstances manifest-
ing a total disregard of human life, surely shed some light upon
the disputed issue as to who was the real aggressor in the fight
which resulted in Neve's death.    If Smalls had been endeavor-
ing to escape arrest for a mere misdemeanor, it would have been
far less likely that he would have been disposed to make a des-
perate resistance to the officer, or to kill him to prevent being
taken in custody.    We therefore agree with the trial judge in
holding that the argument of the solicitor-general which is com-
plained of in the motion for a new trial, was not improper, the
more especially as proof of the facts upon which he was com-
menting had been allowed to go to the jury without restriction as
to the purposes for which it could be considered.

   4. At the trial the State insisted that the evidence showed

that Neve was killed by a bullet from a rifle discharged by Smalls. The defense was, (1) that Neve's death was caused by a bullet fired from a pistol in the hands of one McCabe, and (2) that even if the deceased was killed by the rifle-ball, Smalls shot in self-defense, and should therefore be acquitted. The judge, in his charge, fairly and distinctly stated to the jury these contentions of the accused. He dealt with them in the order above indicated, and told the jury in the plainest terms that if Neve was killed by McCabe, and not by Smalls, the latter could not be convicted upon the pending indictment. After leaving this matter entirely free from doubt or the possibility of misunderstanding, his honor took up the other branch of the defense, and gave in charge to the jury the law which would be applicable in the event they should find that the rifle-ball fired by Smalls caused Neve's death. While instructing the jury on this subject, the judge submitted for their determination the question " whether, at the time the prisoner fired the fatal shot, the officer was attempting to take his life, or any effort of that kind was being made,"—using the language quoted. Taken by itself, the phrase, " at the time the prisoner fired the fatal shot," is seemingly an expression of opinion, or at least an intimation, that the prisoner inflicted the mortal wound; but, as will have been seen from what is said above, the judge had already disposed of that portion of the defense which consisted of a denial on the part of the accused that the death of Neve was caused by his act, and was dealing exclusively with that branch of the defense which was based upon the hypothesis that although the prisoner did fire the fatal shot, he did so in self-defense. It is, therefore, apparent that the jury could not, by the instructions given them, have understood the judge as intending to tell or to intimate to them that Smalls actually fired the fatal shot. Taking into view the entire charge, and bearing in mind the connection in which the language excepted to was used, it can not be seriously contended that the same resulted injuriously to the accused.

5. The precise point dealt with in the 5th headnote arose in the case of *Keller* v. *State*, 102 *Ga.* 506, and is disposed of by the decision therein rendered. All of us except Mr. Justice

Little, who adheres to the opinion that the charge relating to the prisoner's statement under review in that case was erroneous, are still satisfied that the contrary view is correct.

6. The question of practice to which the 6th headnote relates has been several times considered by this court. If a party desires a verdict rendered at a former trial of the same case concealed from inspection by the jury, he should present a request to this effect. See *Georgia Pacific Ry. Co. v. Dooley,* 86 *Ga.* 295, 297; *Hudson v. Hudson,* 90 *Ga.* 582, 589; *Fulton County v. Phillips,* 91 *Ga.* 65; *Dawson v. Briscoe,* 97 *Ga.* 408.

7. Counsel for the accused presented to the judge a number of requests to charge the jury which stated correct and pertinent propositions of law. These were, however, covered by the general charge given, which was very full and impartial, so much so that we are impressed with the conviction that there is no room for doubting that the contentions of the accused as stated in these requests were understood and intelligently passed upon by the jury. Other requests were properly refused. Some of them were to the effect that the burden of exhuming the corpse of Neve and extracting therefrom the bullet by which he was killed, so that it could be ascertained beyond question whether or not it was discharged from the rifle fired by Smalls or the pistol of McCabe, rested upon the State rather than upon the accused. Other requests assumed as matter of fact that the State had unlawfully resisted the exhumation of the dead body. There was also a request by which counsel for the accused sought to have the jury instructed that the failure of the State to introduce a named witness was a circumstance discrediting the bona fides of the prosecution. It appears that this witness was as accessible to the accused as to the State's officers. We think all the requests last referred to were properly refused. It seems obvious, without discussion, that the trial judge would have committed grave error in giving the same in charge to the jury.

The only remaining question is, was the evidence sufficient to warrant the verdict? The testimony was decidedly conflicting; but accepting as true, as the jury had a right to do, the version of the homicide given by the State's witnesses, the accused was properly found guilty of murder. This court can

not undertake to determine where the truth of a case lies when the evidence is conflicting. This function, under our system, belongs exclusively to the jury, whose action in any case is, within prescribed limits, subject to review by the trial judge. After he has approved a verdict which is supported by evidence, this court has no power to set it aside unless some error of law was committed at the trial.

*Judgment affirmed. All the Justices concurring, except Little, J., who dissents solely because, in his opinion, the charge referred to in the fifth headnote was erroneous.*