## 1739.  HOMER *v.* THE STATE.

The judges of the superior, city, and county courts must, when counsel for either party requests it before argument begins, write out their charges and read them to the jury, and it is error to give any other or additional charge than that so written and read.

Accusation of larceny, from city court of Leesburg—Judge Long.  December 9, 1908.

Submitted March 30,—Decided October 5, 1909.

*C. H. Beazley,* for plaintiff in error.

*W. G. Martin,* solicitor, contra.

RUSSELL, J.   The defendant was convicted in the city court of Leesburg of the offense of simple larceny; and he excepts to the overruling of his motion for a new trial.   In the bill of exceptions he assigns error on exceptions pendente lite to the refusal of his request, made at the close of the evidence, that the judge write out and read the charge of the court to the jury.   The judge certifies that the reason the request was not granted was that he did not have time to write out the charge.   Since, in our view, a reversal is required on this ground, it is unnecessary to consider any other assignment of error.

In 1860 (Acts 1860, p. 42) an act was passed requiring judges of the superior courts, in felony cases, and in civil cases on final appeal, to write out and read their charges to the jury, when requested so to do by counsel for either party.   This act now appears in the Civil Code of 1895, §4318, in the following language: "The judges of the superior courts of this State shall, in all cases of felony, and on the trial of all civil cases tried before them, give their charges to the jury in writing; that is to say, shall write out their charges and read the same to the jury, when the counsel for either party shall require them to do so; and it shall be error for such judge to give any other or additional charge than that so written out and read."   The compilers of the Civil Code of 1895 failed to notice that the act of 1860 had been modified by an act passed in 1878 (Acts 1878-9, p. 150), providing that "requests to the court to charge the jury in writing may be made *in any case* (italics ours) and at any time before beginning the charge."   If we looked alone to the Civil Code, therefore, we would be forced to hold that the failure to include the act of 1878 therein had repealed it, and that the right to demand written charges is still confined to civil cases and felony cases.   But on turning to the Penal Code, we find that the act of 1860 and also the act of 1878 have been condensed into concise language appropriate to a codification of laws, and are preserved in section 1030, in the following language: "The judges of the superior courts shall, when the counsel for either party requests it before beginning the charge, write out their charges and read them to the jury, and it shall be error to give any other or ad-

ditional charge than that so written and read." Judge Hopkins, in compiling the Penal Code, while preserving all the essential principles of the laws, changed the language, so that what was originally a page now appears as a few lines; and we take this occasion to say that there are other instances in the code of his master work in this direction. The right to demand written charges is no longer confined to any class of cases, but obtains in any case in the superior, city, or county courts. Section 1030 of the Penal Code, supra, has been amended by the act of 1897 (Acts 1897, p. 41) so as to read as follows: "The judges of the superior, city, and county courts shall, when the counsel for either party request it before argument begins, write out their charges and read them to the jury, and it shall be error to give any other additional charge than that so written and read." This latest expression of the legislative mind is comprehensive and embraces all cases of every kind, in every court where charges to the jury are allowed and the original limitation that the right was confined to civil and felony cases in the superior courts no longer obtains.

The judge can not deprive the defendant of this right on the ground that he has not time to comply with the request. If necessary he should take a recess until he can write out the charge. Before the amendment of 1897 counsel could wait until evidence and argument had been closed, and then request that the charge be written out and read, but under that amendment the request for a written charge must be made before the argument of counsel begins. The purpose of this was evidently to give the judge time to commit his charge to writing while the case was being argued to the jury. In speaking of this statute Judge Bleckley said: "These sections of the Code stand as a kind of constitutional law between bench and bar. They entitle the counsel to have the written word, instead of oral tradition. They provide for preserving and handing down the word as a sure and enduring memorial of what was actually delivered. There is to be no controversy over the text of the charge; no uncertainty as to what revelation fell from the bench into the jury box. The judge is not to speak, but to read; and when his manuscript is exhausted he is to become silent. It would seem that if counsel can not depend upon the guaranty afforded them by these sections of the Code, they can depend upon no promise made to them in the law. If they can not get a written

charge, what can they get? What are they to trust in the whole compass of the statutes, if they are to be disappointed when they cite such peremptory language as that found in these two sections? The judge has no discretion; he must write out his charge and read it to the jury." *Wheatley* v. *West*, 61 *Ga.* 408. In *Fry* v. *Shehee,* 55 *Ga.* 214, Judge Jackson said: "The great object of the statute is to prevent disputes between the judge and counsel as to what was the charge; and the only way to prevent them is to require the courts to conform rigidly to the statute. Indeed, the better practice would be for the judge to put every charge in every case of importance in writing. It may be a little troublesome and laborious, but it would avoid much wrangling and controversy, and sometimes a good deal of hard feeling, and would make the practice more pleasant for bench and bar, and insure fairness in exceptions and assignments of error here." The words of wisdom which fell from the lips of these two eminent jurists are strikingly illustrated by the case now under consideration. Many of the assignments of error sought to be made by counsel are qualified and limited by the notes of the trial judge. If the charge which was delivered was ever written out, it has been lost, for the clerk certifies that it has never been filed with him, and the excerpts of the charge quoted in the motion for a new trial and made grounds for assignments of error are qualified and limited by the notes of him whose certificate is "constitutional law" to this court. Counsel for the State has made a motion to dismiss the bill of exceptions, and, among the reasons given, are the following: (1) Because the charge of the court in full is not in the record (the bill of exceptions ordered the clerk to send it up, but the clerk certifies that it was never filed in his office) ; and (2) because the notes of the trial judge to the grounds of the amended motion for a new trial (most of them complaining of alleged errors in the charge) show that the grounds are incomplete. If the judge had complied with the request that he write out and read his charge, all this would have been avoided. We sympathize, of course, with the judges when unusual and unreasonable requests are made of them by counsel; and we appreciate that it would add to their labors if they had to write out every charge delivered in every case tried by them; but the law is the law, and when counsel invoke it, all must obey it.

We do not think that we should refuse to consider the assignment

of error discussed above because it is raised by exceptions pendente lite in the main bill of exceptions, rather than made a ground of the motion for a new trial. The better practice is.to embody complaints of rulings on testimony in the motion for a new trial, and not in exceptions pendente lite as was done in this case; and this likewise applies to a complaint of a refusal to deliver a written charge. See *Fry* v. *Shehee,* supra; *Wheatley* v. *West,* supra. But by section 5526 of the Civil Code, exceptions pendente lite may be filed to "any decision, sentence or decree of the court;" and this seems to be broad enough to include a refusal to deliver a written charge. Counsel insist further that it does not affirmatively appear from the record that the request was made at the proper time. The proper time is "before argument begins." The bill of exceptions recites that the request in this case was made at the close of the evidence. The evidence is closed before argument begins. Furthermore, in the record the judge adds a note in which he says that he refused the request owing to a lack of time to write the charge out. Since the judge has stated his reason for refusing the request, we assume that he stated his whole and only reason; and inasmuch as expressio unius est exclusio alterius, it appears that he did not refuse the request on the ground that it was not made at the proper time. Construing the recital in the bill of exceptions with the note of the judge in the record, it appears that the request was made before the argument began, and that the judge refused it because he did not have time to write out the charge. Under the law, he should have adjourned court if necessary until the next day.

Having refused the request, duly and legally made, that he deliver a written charge, the judge erred, and a new trial is mandatory.

*Judgment reversed.*