## 1727.  FORRESTER *v.* COCKE.

The statute requires not only that the trial judge, on timely request of counsel, shall reduce his charge to writing and read it to the jury, but also that as soon as the charge has been delivered he shall give it to the clerk to be filed; and a failure to do so will be reversible error, unless the evidence demanded the verdict as rendered.

Action for deceit, from city court of Leesburg—Judge Long. February 18, 1909.

Submitted April 14,—Decided November 9, 1909.

*W. G. Martin*, for plaintiff.

HILL, C. J.  This case involves $75 and has had three trials in the court below. The controlling questions were questions of fact, and a verdict for either party would have found support in the evidence. The case is before this court on a motion for new trial, on the general grounds and on numerous special grounds excepting to certain parts of the charge of the court and to rulings as to the admissibility of testimony. We have examined all of these grounds and find that they contain no material error. One

ground of the motion, however, requires the grant of a new trial. In compliance with the request of counsel for the plaintiff, the trial judge reduced his charge to writing and read it to the jury, but he failed to file with the clerk of the court, as soon as delivered, the charge so written out and read to the jury; and error is assigned on his failure to do so. Section 4318 of the Civil Code requires that judges "shall, in all cases of felony, and on the trial of all civil cases tried before them, give their charges to the jury in writing, . . when the counsel for either party shall require them to do so; and it shall be error for such judge to give any other or additional charge than that so written out and read;" and section 4319 declares that "the charge so written out and read as aforesaid shall be filed, as soon as delivered, with the clerk of the court in which the same was given, and shall be accessible to all persons interested in the same; and the clerk shall give certified copies thereof to any person applying for the same upon the payment of the usual fee." These two sections are codified from the act of 1860 (Acts 1860, p. 42), and have been before the Supreme Court for construction. In the case of *Fry* v. *Shehee,* 55 *Ga.* 208, the court said, in discussing this statute: "The judge is positively required to put his charge in writing on the demand of either party, and he is required to file this written charge in office for the inspection of all concerned. The great object of the statute is to prevent disputes between the judge and counsel as to what was the charge, and the only way to prevent them is to require the court to conform rigidly to the statutes." And in *Wheatley* v. *West,* 61 *Ga.* 401, Judge Bleckley, in referring to these provisions of the statute, uses this language: "These sections of the Code stand as a kind of constitutional law between bench and bar. They entitle the counsel to have the written word, instead of oral tradition. They provide for preserving and handing down the word as a sure and enduring memorial of what was actually delivered. There is to be no controversy over the text of the charge; no uncertainty as to what revelation fell from the bench into the jury box. The judge is not to speak, but to read; and when his manuscript is exhausted he is to become silent. The judge has no discretion; he must write out his charge and read it to the jury, and he must not give any other or additional charge." And in the case of *Jones* v. *State,* 65 *Ga.* 512, the

court holds that when the charge is written out and read to the jury in accordance with the request of counsel, such charge becomes an office paper. It is to be filed with the clerk of the court, and should be accessible to all persons interested in the same. These rulings were followed by this court in the case of *Homer v. State,* ante, 667 (65 S. E. 701), where the judge neglected to comply with the request of counsel to reduce his charge to writing and read it to the jury. It will be seen that the statute is imperative as to both requirements imposed on the trial judge. He must, when requested by counsel to do so, write out his charge and read the same to the jury; and, when so written and read, he must file it, as soon as delivered, with the clerk of the court. Both of these statutes have been uniformly and strictly construed in order to accomplish the purpose for which they were enacted. They have been enforced by the Supreme Court both in letter and in spirit, and we therefore conclude that unless the evidence in the case demanded the verdict which was rendered, the failure of the trial judge either to write out or read his charge to the jury when requested to do so, or to file with the clerk his written charge as soon as it had been delivered to the jury, necessarily results in another trial. The failure of the judge to comply with the statute in either one of these respects renders the entire trial, except where the evidence demands the verdict, nugatory. In this case, as we have before stated, the evidence was in conflict. We find no material error of law except the failure of the judge to comply with the mandatory requirements of the statute above referred to.                              *Judgment reversed.*