## 6949.  BRINDLE v. THE STATE.

The requirement of the code that "the judges of the superior, city, and county courts shall, when the counsel for either party requests it before argument begins, write out their charges and read them to the jury" (Penal Code, § 1056) is mandatory, and when such a request is made it is error to give a charge in any other manner.

DECIDED MARCH 24, 1916.

Accusation of sale of liquor; from city court of Floyd county—Judge Reece.  September 21, 1915.

*Eubanks & Mebane,* for plaintiff in error.

*C. H. Porter, solicitor,* contra.

RUSSELL, C. J.  The provisions of section 1056 of the Penal Code are not complied with by directing the official stenographer of the court to take down, in the course of the trial and as delivered to the jury, the oral utterances of the judge in his charge. Of course, the judge may, for his own convenience, dictate to the stenographer what he intends to read to the jury, and have it transcribed, so that he can read it, but the charge must be reduced to a legible condition and placed in a form in which it can be "known and read of all men," before the judge delivers it by *reading* it to the jury.  In most cases the instructions of the trial judge as orally delivered are stenographically reported and thereafter transcribed, as there may be occasion for a review of the charge.  However, in order to show that this ordinary mode of procedure would not be a compliance with the provisions of section 1056 of the Penal Code, it is only necessary to point out that where the charge is merely taken down stenographically during its delivery, it would be impossible for the judge, as required by law, to immediately hand a copy of his charge in writing to the clerk to be filed as a part of the record.  Furthermore, to permit a stenographer, after the mere oral delivery of a charge, to reduce to writing, according to his measure of ability as a stenographer, what the judge may have orally stated to the jury would not prevent "controversy over the text of the charge;" which, as pointed out by Judge Bleckley in *Wheatley* v. *West,* 61 *Ga.* 408, is one of the important purposes to be subserved by the statute.  It may be conjectured also that one purpose the legislature had in view, in imposing the mandatory requirement that the judge shall prepare his charge in writing and read it to the jury when requested so to do, was to impose greater caution in the language employed, as

well as greater deliberation upon the issues of law involved, than might be exercised in the delivery of merely extemporaneous instructions. It rests in all human experience that there is far greater likelihood that inadvertent utterances will occur in oral expression than when the eye comes to the aid of the mind, suggesting the interposition of deliberate judgment. As was said by Judge Bleckley, in *Wheatley* v. *West,* supra: "As to substituting stenographic reporting in place of first reading the charge as written, that is for the General Assembly, and not for the judiciary." In *Bowden* v. *Achor,* 95 *Ga.* 245 (13) (22 S. E. 254), it was held that the provisions of the code on this subject were "not repealed by the act providing for the appointment of official court reporters." See also the decisions in the cases of *Homer* v. *State,* 6 *Ga. App.* 667 (65 S. E. 701), and *Walker* v. *State,* 10 *Ga. App.* 85 (72 S. E. 531), holding the requirement of the statute to be mandatory, which are now reaffirmed.

The failure of the trial judge in this case to reduce his charge to writing, as requested, requires the grant of a new trial. The other alleged errors are not likely to recur on another trial of the case, and therefore it is not necessary to rule upon any of the exceptions other than that dealt with above. *Judgment reversed.*