## 9638. ASHLEY-PRICE LUMBER COMPANY v. HENRY.

BROYLES, P. J. 1. Where counsel for either party in any case, civil or criminal, desires the trial judge to write out his charge and read it to the jury, a request therefor must be made before argument begins. Penal Code (1910), § 1056; *Homer* v. *State*, 6 *Ga. App.* 667 (65 S. E. 701).

(*a*) The charge so written out and read to the jury should be filed, *as*

*soon as delivered*, with the clerk of the court. Civil Code (1910), § 4848.

(b) Failure of the trial-judge to hand his written charge, immediately after he has read it to the jury, to the clerk of the court to be filed, is reversible error, unless the evidence demanded the verdict returned. *Forrester* v. *Cocke*, 6 *Ga. App.* 829 (65 S. E. 1063).

(c) Where a special ground of a motion for a new trial complains that the trial judge refused to write out his charge, after being requested to do so by counsel in the case, it must be affirmatively shown in the ground of the motion that the request was made before the argument began. However, where (as in the instant case) the complaint is, not that the judge refused the request of counsel to write out his charge and read it to the jury, but that the judge, *after complying with such request*, failed to hand the charge at once to the clerk of the court to be filed, and retained it in his possession until the following day, when he filed it with the clerk, it will be conclusively presumed that the request was made in due time, unless the contrary is shown affirmatively in the motion or by a certificate of the trial judge.

(d) Where such a request had been made to the judge, no waiver of the right to have the charge reduced to writing and read to the jury, or to have it filed with the clerk of the court as soon as it had been read, resulted from the fact that the counsel who made the request informed the judge that he did not insist upon the judge's writing out the charge in pen and ink, but that it would be perfectly satisfactory for the judge to dictate his charge to the court reporter, have it typewritten, and read this typewritten charge to the jury; and that the judge adopted this suggestion.

2. In the instant case, instead of filing with the clerk of the court the typewritten charge as soon as it had been read to the jury, the judge retained it in his possession and did not deliver it to the clerk until the following day. This was reversible error, and a new trial of the case is required.

3. It is deemed unnecessary to consider the other assignments of error.

*Judgment reversed. Bloodworth, J., concurs. Stephens, J., not presiding.*
DECIDED NOVEMBER 23, 1918. REHEARING DENIED DECEMBER 13, 1918.

Action for damages; from Coffee superior court—Judge Summerall. February 9, 1918.

*J. W. Quincy, Levi O'Steen, F. Willis Dart,* for plaintiff in error.

*W. W. Bennett, Dickerson, Kelley & Roberts, Chastain & Henson,* contra.