## 15777.　SHERWOOD v. THE STATE.

LUKE, J.　1.　The evidence amply authorized the conviction.

2. The ground of the motion for a new trial alleging that the judge erred in failing to write out, read, and immediately file with the clerk his charge to the jury is without merit, as it does not appear in the motion that counsel requested the judge, before the argument was begun, to write out his charge.　See *Jones* v. *State*, 65 *Ga.* 507 (8); *Ashley-Price Lumber Co.* v. *Henry*, 23 *Ga. App.* 93 (1) (98 S. E. 185); *Walton* v. *State*, 33 *Ga. App.* 48 (125 S. E. 511).

(*a*) The judge, in a note attached to the motion, certifies that "the charge in this case was written out in full　.　.　and filed in ample time to serve any and all purposes for which the defendant might need it." Under the Penal Code, §§ 1056, 1057, failure to immediately file the written charge is not error.　The only requirement of these sections is that when requested the charge be written out and read by the judge as written, and filed with the clerk so as to be accessible to all persons interested in it.　The judge certifies that this was done.

(*b*) The ruling herein does not conflict with *Brinde* v. *State*, 17 *Ga. App.* 741 (88 S. E. 460), and cases there cited.

　　　　*Judgment affirmed.　Broyles, C. J., and Bloodworth, J., concur.*

　　　　　　　DECIDED NOVEMBER 12, 1924.

Conviction of adultery, etc.; from city court of Macon—Judge Jordan.　June 20, 1924.

*J. D. Hughes,* for plaintiff in error.

*Roy W. Moore, solicitor,* contra.