DECIDED SEPTEMBER 4, 1931.

21670. WALLACE *v.* THE STATE.

DECIDED SEPTEMBER 4, 1931.

*H. A. Allen, J. S. Hall,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

LUKE, J. The accused was charged with involuntary manslaughter, for that he did unlawfully, and without any intention to do so, kill Julius Spier, while the accused was engaged in the commission of an unlawful act which might probably produce such a consequence, in an unlawful manner. The unlawful acts alleged were driving an automobile "under the influence of intoxicating liquor," in violation of a State law, and driving "at a greater rate of speed than thirty miles per hour" in the Borough of Atlanta, in violation of a city ordinance. Upon conviction the accused made a motion for a new trial, and upon the overruling of this motion he assigns error.

■ The two excerpts from the charge of which complaint is made in the 1st and 2d special grounds of the motion for new trial show no cause for reversal of the judgment of the trial court. These excerpts, when considered in connection with the remainder of the charge, could not have misled the jury or caused injury to the defendant. The charge fully covered the principles of law involved in the case. "A correct statement of law embraced in a charge to the jury is not erroneous because the court failed in the same connection to give to the jury other appropriate instructions." *Conley* v. *State,* 21 *Ga. App.* 134 (94 S. E. 261).

■ The conviction of the accused was not dependent solely upon circumstantial evidence, and the failure of the court to charge the law touching such evidence furnishes no cause for a new trial. There was direct evidence that the defendant ran against the victim, and direct evidence that he was going at a rate in excess of thirty miles an hour; it being admitted that a rate of speed in excess of thirty miles an hour at the place of the homicide was in violation of a city ordinance. There was also direct evidence that the defendant was under the influence of liquor a few minutes after he ran against the victim, and under circumstances which made it very improbable that he drank such liquor after striking the victim. However, since it was possible for the defendant to have drunk the liquor after he struck the deceased, the evidence that he was "under the influence of liquor" was a circumstance tending to show that he was in that condition at the time he ran against the deceased; but this circumstance, in view of the direct evidence above referred to, would not demand a charge on circumstantial evidence without a request therefor.

■ There was ample evidence to show that the defendant, driving a Chrysler coupé, at a rate of speed from thirty-five to forty-five miles an hour, in the city of Atlanta and at the intersection of two streets, ran against Spier with such force that it knocked him about fourteen feet, resulting in his death; that the defendant looked at his victim and drove away leaving him lying there; and that at that time and place he was driving at an unlawful rate of speed and while under the influence of intoxicating liquor. The evidence authorized the verdict; no error of law is shown; and the court properly overruled the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*