### LIGGETT v. LIGGETT.

BELL, Justice. A husband sued for a divorce on the ground of cruel treatment. His wife filed an answer denying the alleged cruelty, and a cross-action praying for permanent and temporary alimony and for custody of the children. The first trial resulted in a verdict in favor of the husband for a partial divorce, and against him for permanent alimony in separate amounts for the wife and children. The husband's motion for a new trial was granted so far as it applied to his application for a divorce, but was otherwise denied. Pending this motion the attorney for the wife voluntarily wrote off a portion of the alimony awarded for her use, and this action was approved by the trial judge. Upon the second trial, in which no issue as to alimony was presented by either party, the jury again returned a verdict in the plaintiff's favor for a partial divorce. His motion for a new trial was overruled, and he excepted. *Held:*

1. Under the law and the evidence, the jury were authorized to find a partial divorce, instead of a total divorce as desired by the plaintiff. "In case of cruel treatment or habitual intoxication by either party, the jury, in their discretion, may grant either a total or partial divorce." Code 1933, § 30-104; *Pedrick* v. *Pedrick,* 134 *Ga.* 662 (68 S. E. 515).

2. The court did not err, as against the husband, in failing to charge the law applicable to claims for alimony, or in failing to charge that the question of alimony had been settled by a former judgment. If the plaintiff was apprehensive lest the jury should deny a total divorce unless they were allowed to grant alimony or were instructed that the question of alimony had been disposed of, a request for appropriate instructions should have been presented.

3. The court did not err in failing to charge the jury that the law encourages marriage and does not favor partial divorces which prohibit marriage.

4. A new trial was not required because certain pleadings and documents pertaining to the first trial, including the verdict, judgment, and the motion for a new trial with entries and orders thereon, were permitted to be taken with the proper pleadings and documents to the jury-room. So far as appears, the plaintiff and his attorney were aware of this procedure, and did not object. *Bass* v. *Winfry,* 20 *Ga.* 631; *Chattahoochee Brick Co.* v. *Sullivan,* 86 *Ga.* 50 (6) (12 S. E. 216); *Smalls* v. *State,* 105 *Ga.* 669 (6) (31 S. E. 571); *Russell* v. *Brunswick Grocery Co.,* 120 *Ga.* 38 (3) (47 S. E. 528); *Allen* v. *State,* 155 *Ga.* 332 (116 S. E. 534); *Ellard* v. *State,* 46 *Ga. App.* 345 (167 S. E. 724).

5. The court did not err in refusing a new trial. No decision is required and none is made as to the validity of the judgment for alimony as rendered upon the first trial and as modified pending the first motion for a new trial. *Judgment affirmed. All the Justices concur.*

No. 10530. APRIL 10, 1935.

*H. W. McLarty,* for plaintiff.   *Ernest Watts,* for defendant.