. 26831. ROBERTS *v.* THE STATE.

DECIDED DECEMBER 5, 1938.

*W. S. Florence, S. H. Baynes,* for plaintiff in error.
*C. S. Baldwin Jr., solicitor-general,* contra.

PER CURIAM. W. M. Roberts was convicted in the superior court of Jasper County of the offense of voluntary manslaughter. To the overruling of his motion for new trial the defendant excepts.

Special ground 3 excepts to the failure of the judge to deliver his charge to the jury in writing, although the request to do so was presented to him before the beginning of the argument of the case. And special ground 4 excepts to the failure of the judge to file the written charge, immediately after its delivery, with the clerk of the trial court. In passing upon the motion for new trial the judge made the following note to said special grounds: "On November 13, 1937, during the trial of said case, Mr. Sidney H.

Baynes, one of the attorneys for the movant in said motion for new trial, handed me while I was on the bench and he being in front of the bench, on the floor of the court-house, the paper hereto attached, marked exhibit A. Mr. Baynes stated to me at the time he delivered said paper to me as follows, to wit: 'Judge, here are some written requests that we wish given to the jury.' Mr. Baynes never intimated to me that there was any written request incorporated in the heading of said paper that the attorneys for said movant desired my charge to be given the jury in writing. Otherwise, I would have complied with said request. Relying on what Mr. Baynes stated to me at the time he gave me the said paper, I marked with a cedar pencil in a straight line, as will be seen on the second page, those I intended to give in charge to the jury, and I did not read the heading of said paper. From the above statement of Mr. Baynes, I was excusable morally and officially for not reading said heading. I had no intimation that the attorneys for said movant desired the charge to be in writing. After charging the jury in said case I called Mr. Baynes to the bench and handed him said paper, stating to him that I gave the principles of law therein in my charge to the jury. He nodded his head to me and said that was all right. I never heard of any verbal or written request from the attorneys for said movant, that the charge be given in writing in such case until said grounds were read by said attorneys before me in Madison, Georgia, on December 6, 1937, and I so stated to said attorneys at said time, and I never heard of any criticism of my charge to the jury while the jury was considering said case, from said attorneys at any time, until the amended motion was read to me by the attorneys for the movant on December 6, 1937, as above stated. Hon. W. S. Florence, one of the attorneys for the movant, did not hear what passed between the court and Mr. Baynes, but he did not make any objections to charging the jury orally, which was being taken by the court reporter, and I heard no objections in reference to the charge until December 6, 1937, as above stated. This December 9, 1937. James B. Park, Judge Ocmulgee Circuit."

The record discloses that the above-referred-to written request was as follows: "Comes now the defendant, and before the charge of the court delivered, and before argument of counsel, request the court to deliver to the jury in its charge the following pertinent

principles of law applicable to the issues involved in the case at bar and request the court to deliver its charge to the jury in writing: 1. The principles of the law of voluntary manslaughter. 2. To charge that the jury might consider the disparity in size and strength between the defendant and the deceased. 3. The principles of law as to the duty of an officer to arrest a person who violates the law of possessing intoxicating liquors and who does not violate said law in the presence of the officer. 4. The definition of a felony, and that it is a crime the punishment of which is confinement in the penitentiary, and that such confinement is for one year or more and a distinct difference from the crime of misdemeanor. Wherefore, defendant prays that the foregoing principles of law be given by the court in its charge to the jury, the said request being made in writing before the court begins its charge to the jury. W. S. Florence, S. H. Baynes, Defendant's attorneys."

Code, § 81-1102 declares: "The judges of the superior, city, and county courts shall, when the counsel for either party requests it before argument begins, write out their charges and read them to the jury, and it shall be error to give any other or additional charge than that so written and read." The provisions of this section are mandatory. *Brindle* v. *State,* 17 *Ga. App.* 741 (88 S. E. 460). The language of the request in this case is plain "and requests the court to deliver its charge to the jury in writing." The only reason assigned by the judge for his failure to submit the charge in writing was that he did not read the plain and unambiguous language of the request. It does not appear from his note that the defendant or his counsel did any act or made any statement which might prevent the judge from reading it, nor does it appear that they were the cause of his failure to see and read said request although it does appear that they did not verbally call his attention to the request. The failure of counsel to expressly call verbal attention of the trial judge to such request can not be held to be a reason for the failure of the trial judge to see and give such request. It will be noted from the language of the request that there were also inserted in the request certain principles of law. The court called attention to counsel that it had given these principles in charge. The fact that counsel assented thereto can hardly be construed as a waiver of their right to insist that the charge as a whole be given in writing. We can conceive of situations where

counsel may have been unaware of the fact that the charge was not being submitted in writing. The nodding of counsel's head does not show that counsel assented to the court's not writing out its charge and reading it to the jury, but rather might indicate that counsel was assenting to the fact that the judge had charged the principles of law that counsel had requested should be incorporated in the written charge. The case of *Boykin* v. *McRae*, 182 *Ga.* 252 (185 S. E. 246), is not controlling in this case for the reason that it was decided there that counsel, who had made the request that the charge be submitted in writing, had waived their right to insist thereon because they had told the judge, at a time when he could have corrected his failure to so charge, that they would not insist on the point.

Under these circumstances we think the court erred in overruling the motion for new trial and it becomes unnecessary to discuss the other assignments of error.

*Judgment reversed. MacIntyre and Guerry, JJ., concur. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. In *Boykin* v. *McRae,* supra, where the facts were quite similar to those of the instant case, the Supreme Court held: "It is error for the trial judge to refuse a timely and proper request to write out his charge and read it to the jury; . . . [but] such a request may be subsequently waived, and in such case there would be no error in refusing it. Under the facts of this case, the failure of the judge to comply with such a request was not cause for a reversal. Accordingly, the decision of the Court of Appeals was erroneous so far as it reversed the judgment of the trial court." Applying the principle of that ruling to the facts of the present case, I think that special grounds 3 and 4 of the motion for new trial show no cause for a reversal of the judgment.