33221, 33222.   FITZGERALD *v.* THE STATE (two cases).

522

DECIDED OCTOBER 19, 1950.

*Fort & Fort*, for plaintiff in error.

*G. Stuart Watson, Solicitor pro tem.*, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ ■ Special grounds 3 and 7 of the respective amended motions complain that the court erred in failing to comply with Code § 81-1103, which provides as follows: "The charge so written out and read shall be filed with the clerk of the court in which it was given, and shall be accessible to all persons interested in it," referring to requests that the judge write out his charge. The complaint is that the court held the charge as written and read from April 19, the day of the trial, until May 19, when he filed it with the clerk. A duplicate copy of the charge had promptly been mailed to counsel. In this contention they rely upon *Ashley-Price Lumber Co.* v. *Henry*, 23 *Ga. App.* 93 (98 S. E. 185), and *Forrester* v. *Cocke*, 6 *Ga. App.* 829 (65 S. E. 1063), and other cases holding that the charge must be filed as soon as delivered, and that the retention of it by the court, even overnight, is reversible error.

This statute was enacted by the legislature (Ga. Laws, 1860, p. 42) as it appears in our Code of 1933. The act of 1877 (Ga. Laws, 1877, p. 13) amended the statute by adding the words "as soon as delivered." This provision, as stated by Justice

Bleckley, in *Wheatley & Co.* v. *West,* 61 *Ga.* 401, 408, stood "as a kind of constitutional law between the bench and the bar," referring to both Code §§ 81-1102 and 81-1103. The words "as soon as delivered" were deleted from the 1933 Code, although they appeared in prior Codes during the time the decisions cited by the defendant were written. While it is presumed that the legislature, merely by adopting the Code of 1933, intended no change in the law (*Rogers* v. *Carmichael,* 184 *Ga.* 496 (192 S. E. 39), nevertheless where an intention to change appears, and the change is so conspicuous as to demand the presumption that it must have been noticed by the lawmakers, such change must be given effect. See *Maddox* v. *First National Bank of Jefferson,* 191 *Ga.* 106 (11 S. E. 2d, 662). Further, since the adoption of the Code of 1933, § 81-1102 has been amended (Ga. L. 1943, p. 262) as follows: "Provided, however, the provisions of this section shall not apply when there is an official stenographer or reporter of the court in attendance thereon, and he, the official court reporter, takes down in shorthand and writes out the full charge of the trial judge in said case upon the direction of the court." As nearly every court in this State now has available to it the services of a court reporter, it becomes obvious that the purpose for which these Code sections were intended— to prevent disputes between bench and bar—is deemed by the legislature to be met where the charge is not in fact written by the court at all but merely transcribed by the reporter. In view of this, the Code sections no longer fulfill the purpose Judge Bleckley envisioned for them of a kind of constitutional law between bench and bar, but merely serve as a medium for making certain that the charge as spoken will, at some future time, be reduced to the printed word. In view of these legislative changes, the decision in *Ashley-Price Lumber Co.* v. *Henry,* supra, is no longer controlling, and the fact that the trial court did not file the charge with the clerk immediately after reading the same does not constitute reversible error.

██ ██ Complaint is further made in special ground 6 (Case No. 33222) that the court erred in failing to identify, in his charge as written, the Code section under which the accused was prosecuted. Where the Code section *is* correctly identified in the charge it is not necessary to copy it verbatim. See *Burns* v.

*State,* 89 *Ga.* 527 (15 S. E. 748). The written charge contains the words, "Here the court read the Code section under which the defendant was accused." Examination of the accusation, which is a part of the record, reveals that it is drawn up under the "Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors" approved February 3, 1938, and the provisions of which appear as Code (Ann. Supp.), § 58-1077. Where what the court actually read to the jury may be ascertained from the record in the case without any possibility of dispute, the error in not placing it in the charge as written is not reversible. See *Whitaker* v. *State,* 11 *Ga. App.* 208 (8) (75 S. E. 258). Therefore, while the better practice is to identify the Code section read by its number, the error in not doing so here is not a ground for a new trial, the Code section under which the defendant was accused being positively identified by reference to the accusation.

■ Special ground 1 (Case No. 33222) contends that the court erred in not granting a motion for a mistrial based on the following testimony of a witness for the State, as recited therein: "I had a report that Fitzgerald was hauling whisky in a car of the same description."

This part of the testimony of the witnesses, as contained in the approved transcript of the evidence certified by the clerk and made a part of the record in this case, is as follows: "We had a report on a car similar to the car we noticed that night. The report was that the car was hauling whisky and we recognized Fitzgerald by size and description as being the man we wanted. I had never seen Fitzgerald to know him before." Since, in case of conflict, the record as certified by the clerk must control on questions of conflict (see *Jenkins* v. *Boone,* 144 *Ga.* 44 (85 S. E. 1042), it must be assumed that the judge excluded from evidence the statement that he had a report Fitzgerald was hauling whisky, but did not grant the motion for a mistrial. Where illegal evidence is volunteered by a witness and promptly ruled out by the court, it is ordinarily not an abuse of discretion to refuse a mistrial. See *Southeastern Greyhound Lines Inc.* v. *Hancock,* 71 *Ga. App.* 471 (31 S. E. 2d, 59); *Stanford* v. *State,* 201 *Ga.* 173 (2) (38 S. E. 2d, 823); *Eden* v. *State,* 43 *Ga. App.* 414 (159 S. E. 134). This ground is without merit.

526

■ Special ground 4 (Case No. 33222) complains of error in refusing to give the following charge to the jury upon timely written request: "I charge you, gentlemen of the jury, that where two or more people are in an automobile and whisky is found therein, that one or two people claim that whisky to the exclusion of the other, then the burden is shifted to the State to show such circumstances or facts as would connect the other party with the possession of said whisky." A written request to charge on an issue of the case must be apt and, indeed, almost perfect; where it is not wholly correct in stating the law, it must be refused. See *United Motor Freight Terminal Co.* v. *Hixon*, 78 *Ga. App.* 638 (51 S. E. 2d, 679); *Loeb* v. *State*, 6 *Ga. App.* 23 (64 S. E. 338). The burden of proving the defendant in a criminal case guilty as charged is upon the State at the commencement of the trial, and remains there until the moment of his conviction. See *Lipham* v. *State*, 68 *Ga. App.* 174, 178 (22 S. E. 2d, 532). Thus, it cannot be said that the burden "shifts" to the State to prove the material issue of the defendant's guilt. The charge as requested was inapt in this respect, and its refusal was not error. The defendant, however, had a right to have this contention, upon which his entire defense rested, and which was supported by evidence, called to the attention of the jury, and a proper charge on this subject should have been included.

■ Grounds 1 and 3 of the respective motions for a new trial assign error on the following charge of the court: "I charge you further that all admissions shall be scanned with care and confessions of guilt shall be received with great caution. A confession alone, uncorroborated by any other evidence, shall not justify conviction," on the ground that there was no evidence that the alleged confession was freely and voluntarily made; that the excerpt of the charge fails to contain instructions to the jury that whether or not a confession was actually made is a question for their determination, and that the charge assumes the confession was made instead of leaving it to them to determine whether the statement amounted to a confession. In the absence of request, the failure to expressly charge that it is for the jury to determine whether or not a confession has been made is not cause for a new trial. See *Cooper* v. *State*, 12 *Ga.*

*App.* 561 (4) (77 S. E. 878). In the absence of request, the failure to specifically instruct the jury that it is for them to say what weight should be given the confession is not cause for a new trial. See *Williams* v. *State*, 196 *Ga.* 503 (2) (26 S. E. 2d, 926). Two witnesses testified that the confessions were made freely and voluntarily, without fear or hope of reward. No objection was made to this testimony; consequently, it must be presumed that any objection to the method of procuring the confession or laying a foundation for its admission in evidence was waived, there being no evidence that the confession was not in fact freely and voluntarily made. See *Lemon* v. *State*, 80 *Ga. App.* 854, 857 (supra). This ground of the amended motion is likewise without merit.

It is contended by special ground 4 of the amended motion for a new trial in Case No. 33221 that the court erred in failing to charge the principle of law as to circumstantial evidence, contending that the case is based upon circumstantial evidence alone. As seen from the statement of facts, however, there was direct evidence connecting the accused with the crime of possessing whisky. Further, there was no request to charge on this subject and, where the conviction is not dependent upon circumstantial evidence alone, a failure to so charge, in the absence of request, is not error. *Wallace* v. *State*, 43 *Ga. App.* 785 (159 S. E. 905); *Wyatt* v. *State*, 50 *Ga. App.* 266 (1) (177 S. E. 840); *Roberts* v. *State*, 50 *Ga. App.* 307 (1) (177 S. E. 825).

The general grounds of the motion for a new trial as to Case No. 33221 (possessing whisky upon which the State tax had not been paid) are without merit, since the evidence authorized the verdict and has the approval of the trial court. As to Case No. 33222 (possessing more than one quart of "spirituous liquors" as defined by the Act of the General Assembly of Georgia approved on the third day of February, 1938, and known as the Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors), the evidence authorizes a finding that the defendant possessed more than one quart of whisky in Lee County, which is a county where whisky cannot legally be sold. The evidence demands a finding that the whisky under consideration was non-tax-paid. The accusation is based on that part of the statute approved February 3, 1938, known as the Revenue

Tax Act to Legalize and Control Alcoholic Beverages and Liquors, codified in the Annotated Supplement of the Code as § 58-1077. The possession of more than one quart of non-tax-paid whisky in a county where whisky cannot legally be sold is not a violation of this provision of the law. See *Pierce* v. *State*, 200 *Ga.* 384 (37 S. E. 2d, 201), and the same case in 73 *Ga. App.* 627 (37 S. E. 2d, 431), in which at page 630, quoting from *Pierce* v. *State*, supra (the Supreme Court case) it is held as follows: "The 'possession or control of more than one quart of spirituous, vinous, or alcoholic liquor, in any county of the State (except such counties in which liquor may be legally sold or transported under the terms of this act)' clearly has reference to the possession of more than a quart of tax-paid whisky in a dry county. To construe the words otherwise would necessarily imply that the possession of more than a quart of non-tax-paid whisky, in a county in which liquor may be sold, is legal." These two cases settled the law on this subject and hold in effect that where whisky on which the tax has not been paid is possessed in a dry county of this State, two offenses are committed. One is the violation of that part of the act of the General Assembly approved February 3, 1938 and codified in the cumulative pocket part of the Code Supplement as § 58-1056, making it unlawful to possess any distilled spirits or alcoholic liquor which does not bear the tax stamps provided for elsewhere in this act, and the other is the violation of the "bone dry" law of the State of Georgia codified under § 58-201 of the Code of 1933 making it unlawful to possess intoxicating liquors. The original "bone dry" law is held to be of full force and effect in every county of this State except where the same has been amended and modified, by the act approved February 3, 1938, to legalize and control alcoholic beverages and liquors.

Since the evidence in Case No. 33222 shows that the whisky possessed was non-tax-paid, and in a county where whisky cannot legally be sold, and since the accusation on which the prosecution proceeded shows that it was based on the Act of February 3, 1938, known as the Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors (Code, § 58-1077) and since it is held in *Pierce* v. *State*, 200 *Ga.* 384 (supra), that "the possession of more than a quart of non-tax-paid whisky, in

a county where whisky cannot legally be sold, is not a violation" of this act, the evidence does not support the verdict and the trial court erred in failing to grant a new trial as to Case No. 33222.

*Judgment affirmed as to Case No. 33221, and reversed as to Case No. 33222. MacIntyre, P.J., and Gardner, J., concur.*