35505. WOODARD v. THE STATE.

CARLISLE, J. 1. "Generally, when a party permits proceedings to be had, in the progress of his case, without making any objection, the court will hold him to have waived the objection, and will not relieve him against the consequences of the proceeding, to which he did not object at the proper time. *Dudley's Reps.* 209; *Ga. Decisions,* part 2, 131; 2 *Kelly* 281; 9 *Ga.* 359; 22d *Ga.* 24, 330; 27 *Ga.* 378; 36 *Ga.* 599; 37 *Ga.* 102." *Haiman* v. *Moses,* 39 *Ga.* 708 (3), 712.

2. Where, under an application of the foregoing rule, it appears that, upon the trial of one charged with the possession of non-tax-paid whisky, the trial court, without the request of counsel for the defendant or for the State, wrote out its instructions to the jury, and, without reading such instructions to the jury, announced to the jury that such was its written charge, and had the bailiff hand the charge to a juror, who took it with him to the jury room, such a procedure, while highly irregular, is no cause for a new trial where it does not appear that any objection was interposed to such a procedure at the time. *Chattahoochee Brick Co.* v. *Sullivan,* 86 *Ga.* 50 (6) (12 S. E. 216); *Liggett* v. *Liggett,* 180 *Ga.* 528 (179 S. E. 729); *Smalls* v. *State,* 105 *Ga.* 669 (6) (31 S. E. 571).

3. Where, under such circumstances as indicated above, it appears that, just as the jury was in the act of retiring to consider its verdict, the trial court charged, "Of course, gentlemen, if you find that the State has proved what it has alleged in this accusation, you should find the defendant guilty," such action on the part of the court was not error as contravening that portion of Code (Ann. Supp.) § 81-1102 which prohibits the giving of additional charges to the jury where the trial court has, *on request of counsel,* reduced its charge to writing. See, in this connection, *Jones* v. *State,* 65 *Ga.* 506 (8), 512.

4. Where, under the circumstances indicated above, the trial judge does not have the charge which he reduced to writing and delivered to the jury filed with the clerk of the court, such inaction constitutes no violation of the provisions of Code § 81-1103, as that section of the Code requires the trial court to file only those charges to the jury which have been reduced to writing upon the timely request of counsel for one of the parties. *Jones* v. *State,* supra; *Sherwood* v. *State,* 33 *Ga. App.* 49 (125 S. E. 512), and citations.

5. The law forbids the introduction into a case of facts which are calculated to prejudice the jury, and counsel must confine argument to facts and circumstances of a case and cannot introduce new matter in evidence for the consideration of the jury by way of argument or by stating his personal belief. *Broznack* v. *State,* 109 *Ga.* 514 (35 S. E. 123); *Moore* v. *State,* 10 *Ga. App.* 805 (74 S. E. 315); *Pelham & Havana R. Co.* v. *Elliot,* 11 *Ga. App.* 621 (75 S. E. 1062); *Georgia Power Co.* v. *Puckett,* 181 *Ga.* 386 (182 S. E. 384). It appears from the motion for a new trial and the record in this case that a witness for the defendant testified on the trial that, at a time subsequent to the charge made against the defendant, the prosecutrix's husband advised the witness that, if the defendant would pay the prosecutrix a certain sum of money, the husband would cause the charge against the defendant to be dismissed, and that, in the event the arresting officer would not

dismiss the charge, the prosecutrix would leave the county and be unavailable to testify against the defendant on his trial. No effort was made by the State to rebut the testimony of this witness nor was any effort made to impeach the witness. The jury retired to consider its verdict, but shortly thereafter returned to the courtroom to inquire of the court whether the witness had testified that it was the prosecutrix herself or her husband who had made the offer to settle the case on payment of the money. The court instructed the jury that it could not assist the jury on a question of fact unless the respective counsel would agree upon the point. No agreement was had, but the solicitor at this point stated to the court in the presence of the jury that he had a dozen witnesses which he wished to put on the stand to impeach the witness who had offered such testimony. Counsel for the defendant immediately moved the court to grant a mistrial on account of such prejudicial statement of the solicitor in the presence of the jury. Without any instruction to the jury to disregard the solicitor's statement, and without any reprimand of the solicitor for the impropriety of his remark, the trial court peremptorily denied the motion for mistrial and ordered the jury to retire and continue its consideration of its verdict. Under an application of the foregoing rules of law, we have no hesitation in holding that the trial court abused its discretion in denying the motion for mistrial. By its action in returning to the courtroom and posing the question indicated to the court, the jury demonstrated the value which it attached to the witness's testimony in its effort to reach a verdict. To permit the solicitor at this point to minimize testimony, which he had made no effort to counteract on the trial, by such a direct attack upon the veracity and credibility of the witness who gave such testimony, was grossly unfair to the defendant. Such action by the solicitor could have conveyed nothing to the jury but that he considered the witness a liar and could prove it if given the chance although he had not bothered to do so on the trial.

6. The trial court erred in denying the motion for a new trial for the reason stated in division 5 of this opinion, and the case must be remanded for a new trial.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

Decided January 19, 1955.

*H. B. Williams*, for plaintiff in error.
*A. A. May, Solicitor*, contra.