### 37395. HARWICK v. THE STATE.

TOWNSEND, Judge. The defendant R. L. Harwick was indicted on a 17-count charge of aiding, abetting and participating in prostitution, assault and battery, encouraging certain named women to become prostitutes, transporting them for immoral purposes, and allied offenses. He was found guilty on all counts, and thereafter filed a petition for certiorari to the Superior Court of Fulton County assigning error on the sole ground that the trial court erred in refusing to grant a mistrial on motion of the defendant. The denial of the petition for certiorari is here assigned as error.

The evidence, while in conflict, is supported by numerous witnesses for the State that the defendant engaged in the business of providing room, clothing and food for various women, arranged for them to engage in the business of prostitution, provided transportation for this purpose, threatened them with beatings if they declined to obey his instructions, and on a

certain occasion did beat one of them with a belt. One of the principal witnesses for the State, Patricia Ivester, testified to such an arrangement with the defendant and that she was badly used and wanted to leave but was afraid to do so, and that after another girl had left and had not been found and beaten or killed by the defendant she decided to do the same and also left. Another witness for the State was asked the question, "Did you ever hear the defendant himself mention Patricia Ivester?" and replied, "Yes, sir. He said if I ever saw her . . . to tell him as soon as I got out, and he said he was going to kill her when he found her." Another witness for the State, was also asked, "Did you ever know a girl by the name of Patricia Ivester or Pamelia Anderson. . . . Who did you hear mention her?" The reply was, "One was Mr. Harwick, that she turned him in on a whisky charge in September . . . he said to watch out for her." At this point a motion for mistrial was made on the ground that the defendant's character had been placed in issue. The court denied the motion but instructed the jury at length that the character of the defendant is wholly immaterial and irrelevant unless he himself wishes to place his character in issue; that the statement made by the witness was wholly irrelevant and must not be considered at all by the jury; that the statement was not even responsive to the question asked, and the jury must disabuse their minds of it entirely and disregard it altogether.

"This court is aware of that line of decisions holding that where a motion for mistrial is made on the ground of inadmissible evidence illegally placed before the jury, the corrective measure to be taken by the trial court is largely a matter of discretion, and, where proper corrective measures are taken and there is no abuse of that discretion, the refusal to grant a mistrial is not error. *Southeastern Greyhound Lines* v. *Hancock*, 71 *Ga. App.* 471 (31 S. E. 2d 59) ; *Osteen* v. *State*, 83 *Ga. App.* 378, 381 (63 S. E. 2d 692) ; *Eden* v. *State*, 43 *Ga. App.* 414(1) (159 S. E. 134) ; *Tye* v. *State*, 198 *Ga.* 262(4) (31 S. E. 2d 471). It is also aware of that line of decisions holding that where the illegal testimony is volunteered by a witness in an answer not responsive to the question asked, and where such answer is ruled out, it is ordinarily not an abuse of discretion to refuse to grant a mistrial. *Fitzgerald* v. *State*, 82 *Ga. App.* 521(2) (61 S. E. 2d 666) and citations; *Flournoy*

v. *State*, 82 *Ga. App.* 518(1) (61 S. E. 2d 556); *Haynes* v. *State*, 80 *Ga. App.* 99(2) (55 S. E. 2d 646); *Harrison* v. *State*, 60 *Ga. App.* 610(4) (4 S. E. 2d 602); *Stanford* v. *State*, 201 *Ga.* 173(2) (38 S. E. 2d 823). It is also inherent in the problem that each case presents a different combination of facts, and must therefore rest on its own bottom, keeping in mind that it is the highest duty to insure a fair and impartial trial to all parties, and not to allow to be injected into the proceedings any illegal element to the prejudice of the defendant's rights in a criminal case, where his liberty and perhaps his life are at stake." *Felton* v. *State*, 93 *Ga. App.* 48, 49 (90 S. E. 2d 607).

The defendant in the present case was charged with, and the evidence authorized a finding that he was guilty of, a number of offenses of a particularly degrading nature; in fact, the statement of the witness which involved him in a whisky transaction was perhaps the kindest remark made about him from the stand by any of the State's witnesses. The court clearly and promptly ruled out the evidence and gave the jury cogent instructions to disregard it. In doing so he fulfilled the requirement of the law unless the remark was of such a prejudicial nature that no action short of a mistrial could ensure a fair trial to the defendant. No such prejudice is shown here; in consequence, the trial judge committed no error, and the judge of the superior court did not err in denying the petition for certiorari.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED OCTOBER 16, 1958.

*Clyde W. Henley,* for plaintiff in error.

*Paul Webb,* Solicitor-General, *John I. Kelley,* Solicitor, *Hinson McAuliffe, B. B. Zellars, Eugene L. Tiller,* contra.