## HOLMES *v.* THE STATE.

FISH, C. J. 1. In the absence of a request so to do, the failure of the judge in charging the jury to apply a rule of evidence to the testimony of a particular witness is not cause for a new trial. *Knight* v. *State,* 114 *Ga.* 48 (6), (39 S. E. 928). Accordingly, there was no merit in the following assignment of error: "While the judge properly admitted in evidence the statements of the deceased that she had, a short time before the homicide, seen defendant engaged in adultery with deceased's husband, these statements being coupled with a threat against defendant, yet the judge nowhere instructed the jury that the sayings of the deceased were not evidence that adultery had taken place between defendant and deceased's husband. Defendant contends that the failure to do so was error; for, in the absence of instructions to the contrary, the jury might have concluded that the evidence showed the defendant to have been surprised in adultery with deceased's husband, and this alleged conduct by defendant was calculated to place her at a moral and legal disadvantage before the jury."

2. "It is the better practice in a criminal case not to charge the law of preponderance of evidence" (*Williams* v. *State,* 125 *Ga.* 302 (54 S. E. 108)); but it is not cause for a new trial "for the judge to give in

charge to the jury sections 986 and 987 of the Penal Code, relating to the amount of mental conviction required to warrant a verdict of guilty" (*Howell* v. *State*, 124 *Ga.* 698 (52 S. E. 649)), although section 986 contains the phrase, "In all civil cases the preponderance of testimony is considered sufficient to produce mental conviction."

3. The evidence was sufficient to authorize the verdict.

4. The grounds of the motion for a new trial not covered by the rulings above announced were not referred to in the brief of counsel for plaintiff in error, and are, therefore, considered as abandoned.

*Judgment affirmed. All the Justices concur.*

Argued November 16, 1908.—Decided January 16, 1909.

Indictment for murder. Before Judge Martin. Pulaski superior court. October 5, 1908.

*Herbert L. Grice,* for plaintiff in error. *John C. Hart, attorney-general,* and *E. D. Graham, solicitor-general,* contra.