CHUBBS *v.* THE STATE.

No. 16508. FEBRUARY 15, 1949.

*M. G. Hicks* and *C. T. Culbert*, for plaintiff in error.

*Eugene Cook, Attorney-General, E. J. Clower, Solicitor-General, J. R. Parham, H. N. Payton,* and *E. L. Reagan, Assistant Attorneys-General,* contra.

HAWKINS, Justice. ■ George Chubbs Jr. and Horace Jones were separately indicted for the offense of robbery by open force and violence upon the person of Sam Young. By agreement they were tried jointly. The jury returned a verdict of guilty and fixed the punishment at confinement in the penitentiary for a minimum and maximum of five years. The defendant Chubbs filed a motion for new trial, which was based on the general grounds only, and to the overruling of which he excepted. It is contended by counsel for the plaintiff in error that the alleged confession of the defendant, introduced by the State, was not freely and voluntarily made, but that it was procured by a threat and intimidation on the part of the officer who had the defendant under arrest at the time the confession was made, and that without this confession the evidence is insufficient to authorize a conviction. The evidence as to any threat or intimidation by the officer at the time of the making of the confession by the defendant is very slight, but conceding, for the sake of the argument, that the confession of this defendant was not freely and voluntarily made, although the record does not show that any objection was made to its admission, the evidence exclusive of the confession is ample to support the verdict. It discloses that the defendant and his companion Jones and one Washington were in the company of Young on the afternoon he claims to have been robbed; that they were riding in an automobile together and stopped at Young's house; that the defendant and Jones left the house, and Washington left soon thereafter. Young claims that after feeding his mules he sat down at the front of his house, and that some one whom he did not see struck him in the head and knocked him unconscious; that he remained unconscious until the following morning; that at the time he sat down he had his watch and purse in his pockets, and they were gone when he regained consciousness; that sufficient force attended the taking of the watch to break the buckle

on the leather strap by which it was attached to his clothes and pull from the watch the ring around the winding stem. Other evidence substantiates that of Young to the effect that he had a wound upon his head, that a pool of blood and a rock with blood upon it were found at the point where he claims he was robbed. The evidence further discloses that the following morning this defendant and his companion Jones went to the place of business of one Alton McKibben and there pawned the watch, which was identified by Young, for $5, and divided that money between them; that the defendant later returned to McKibben's place of business and redeemed the watch, had it at his home at the time of his arrest by the officers, and produced it upon their request. The only explanation offered by the defendant for the possession of the watch was in his statement in which he said: "When me and Jones started back to Cave Spring that evening about ten minutes past six o'clock, so Jones reached down and said, 'I found me a watch.' I said, 'Let's see it.' He picked up a watch, and shows it to me and puts it in his pocket. We went on to Cave Spring and got three white boys to carry us to Cedartown. We got out at Cedartown and went over to his mother's house. She had been sick and in the hospital. We stayed there all night, and that Monday morning we went down to the shoe shop fellow. We had been knowing him for a long time. We went in and told him we wanted to borrow $5 on the watch. He said he'd let us have the $5 on the watch. Then Jones told me, 'You go back and get the watch one day this week.' "

Under our law the defendant's statement shall have such force only as the jury may think right to give it; they may believe it in part or reject it in part; they may believe it all or reject it all; and the jury was not bound to accept this explanation of the possession of the watch by the defendant. In *McAfee* v. *State*, 68 *Ga.* 823, this court held: "Possession of stolen goods shortly after the commission of a larceny, if unexplained and unaccounted for, will furnish a basis for a verdict of guilty against the person so found in possession. The nearer the possession to the time of the larceny, the stronger will be the inference of guilt; and the question of the result of the lapse of time is for the jury." See also *Tucker* v. *State*, 57 *Ga.* 503 (2) ; *Stafford* v. *State*, 121

*Ga.* 169 (2) (48 S. E. 903); *Clay* v. *State,* 122 *Ga.* 136 (2) (50 S. E. 56); *Holliday* v. *State,* 23 *Ga. App.* 400 (98 S. E. 386).

There was sufficient evidence, exclusive of the alleged confession of the defendant, to authorize the verdict, and the judgment overruling the motion for a new trial based on the general grounds alone will not be disturbed.

*Judgment affirmed. All the Justices concur.*