33280.   OSTEEN, *alias* LEWIS, *v.* THE STATE.

Decided January 30, 1951.   Rehearing denied March 1, 1951.

*Grady Gillon, W. O. Cooper Jr., Frank G. Wilson,* for plaintiff in error.

*Charles H. Garrett, Solicitor-General, William M. West, Assistant Solicitor-General,* contra.

MacIntyre, P. J.   ■   It appears that it is the contention of the State that the prosecutor, W. T. Pittman, who is a policeman in the City of Macon, was robbed of his pistol during the time that the defendant, Osteen, was engaged with J. A. Pilcher and Luther C. Bone in burglarizing the place of business of E. L. Kennedy in Macon.   For the offense of burglary, the defendant was indicted with J. A. Pilcher and Luther C. Bone, and he has been tried and convicted of that offense.   See *Osteen* v. *State,* 83 *Ga. App.* 346.

The defendant contends, in his argument of the general grounds, that the verdict is not supported by the evidence since the identification of the defendant as one of those who participated in the alleged offense did not show his participation to a moral and reasonable certainty. and beyond a reasonable doubt; and he contends further that even if the identification

of the defendant be held to be sufficient there was no proof of robbery.

The defendant was positively identified as one of three men who visited the Kennedy store-poolroom on the evening preceding the morning on which it was burglarized. He was positively identified by one of the police officers who went to the store-poolroom to investigate the burglary as being one of the burglars. He was positively identified by another witness as the man seen leaving the store-poolroom at the time of the burglary. This was sufficient to authorize the jury to find that the defendant was present and participating in a burglary at the time and place of the alleged robbery charged in the present case. The evidence was also sufficient to establish the crime of robbery of the pistol. It appears that after the two officers entered the store to investigate, they found two men therein. Both men carried guns and taking the officers by surprise, ordered the officers at gun point to throw down their guns and the officers were ordered to stand facing one of the walls of the store while the two men effected their escape, and though the officers both testified that the two men did not relieve them of their valuables, Officer Cranford testified that he saw one of them—not the defendant—reach down and pick up Officer Pittman's gun after he had thrown it upon the floor. The pistol has never been recovered. The requisite circumstances of intimidation were certainly present. The officers' actions in disposing of their guns were performed upon orders from the two burglars who held their guns on the officers. The taking of the pistol by the defendant's accomplice was sufficient to authorize the jury to find that there was an intent to steal which was chargeable to this defendant, as he was present aiding and abetting the other man who, it is testified, picked up the gun. The intent to steal is inferable from the taking of the pistol; and carrying it away from where it had been thrown by the officer. The verdict finding the defendant guilty of robbery by intimidation was authorized by the evidence.

■ In the only special ground of the motion for a new trial the defendant contends that a new trial should be granted upon the court's refusal to grant a mistrial upon motion made. It appears that during the course of the trial, the solicitor-general

asked J. G. Baker, Assistant Chief of Police of the City of Macon, who was a witness for the State: "How did you get acquainted with him [the defendant]?" To which Baker replied: "Well, we had him before." Counsel for the defendant thereupon made a motion for mistrial upon the ground that the remark, "Well, we had him before," made by the Assistant Chief of Police, brought the defendant's character in issue when the defendant had not offered any evidence as to his good character. The court overruled the motion and instructed the jury: "The motion made, before you gentlemen of the jury left the courtroom, for a mistrial, is overruled by the court. In order that there may be no doubt in your minds, gentlemen of the jury, I want to state to you that the character of the defendant in a criminal case cannot be put in issue by the State. It would therefore be improper for the issue of the defendant's character to be submitted to you by the State, and if anything that was said might be construed by you to be an injection into the case of the issue of the defendant's character, or any effort to do so, such would not be proper and I instruct you that such, if you find that there was any such, should not be considered by you and should be entirely disregarded by you." The defendant contends that the overruling of his motion for a mistrial was error for the following reasons: "A. Because said testimony put movant's character in evidence, when it had not been placed in evidence by movant himself, in such manner that the harmful and prejudicial effect thereof could not be eradicated from the minds of the jury by the instructions given by the court. B. Because said testimony necessarily had the effect of destroying the impartiality of the jurors, thereby poisoning their minds against movant and depriving him of his right of a fair and impartial trial. C. Because since there was no effort to connect up the incident to which the solicitor-general and the witness was referring, with the charge for which movant then was on trial, in time, manner, mode or place, it must of necessity related to a wholly independent and separate occurrence, it could have no other effect but to create in the minds of the jury the impression that movant was an habitual criminal, and the instructions of the court were wholly inadequate to eradicate this prejudicial impression from the minds of the jury. D. Be-

cause such testimony had no relevancy to the case on trial but tended to show distinct and separate crimes by movant and arrests by the police, and its only probative value consisted in showing that movant was, by reason of his bad character, more likely to have committed the crime with which he was charged than he otherwise would have been, thereby creating an irremovable prejudice in the minds of the jury. E. Because the instructions as given by the court to the jury aggravated, increased and augmented, instead of removing, the harmful and prejudicial effect of the introduction of such testimony thereby resulting in an irreparable injury to movant."

In the refusal to declare a mistrial, the discretion of the trial court will not be disturbed, unless it is made to appear that a mistrial was necessary to preserve the right of fair trial. *Manchester* v. *State,* 171 *Ga.* 121 (7) (155 S. E. 11). The court instructed the jury that it was improper for the State to submit the issue of the defendant's character and specifically instructed the jury that the defendant's character could not be put in issue by the State and that if the defendant's character had been injected into the case, or if there had been any effort to inject the defendant's character into the case it should be entirely disregarded. In view of this instruction and in the absence of any evidence that the refusal of the trial judge to go further and declare a mistrial was an abuse of his discretion, the trial court did not err in overruling the defendant's motion for a mistrial. *Barney* v. *State,* 22 *Ga. App.* 120 (95 S. E. 533); *Burns* v. *State,* 191 *Ga.* 60 (9) (11 S. E. 2d, 350); *Flournoy* v. *State,* 82 *Ga. App.* 518 (1) (61 S. E. 2d, 556).

The court did not err in overruling the motion for a new trial for any reason assigned.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*