## 47114. WELLS v. THE STATE.

STOLZ, Judge. Defendant Douglas Wells was indicted and convicted of the offenses of (1) possession of Lysergic Acid Diethylamide (LSD), and (2) distributing and selling Lysergic Acid Diethylamide (LSD) to one James Ailiff.

Defendant contends that the trial court committed reversible error in: 1. Charging the jury that where circumstantial evidence is relied upon to establish a fact, the evidence must be such as to reasonably establish the theory relied upon and *to preponderate* to that theory rather than to any other reasonable hypothesis. (Emphasis supplied.) 2. Charging the jury that each count of the indictment should be considered separately and irrespective of the other, and that the jury should find the defendant guilty of Count 1 if they found that he possessed the described drugs and that they should find him guilty of Count 2 if he distributed and sold the described drugs in that the charge authorized a conviction for both crimes although the charge of possession of the same

drugs alleged to be sold was necessarily included in the latter charge when committed at the same time and place. 3. In failing to give in charge *Code Ann.* § 27-101.2 upon defendant's request therefor. 4, 5 and 6. Not passed on. 7. Overruling defendant's amended motion for new trial. *Held:*

1. In charging the jury, the trial court stated: "Now when circumstantial evidence is relied upon to establish a fact, the evidence must be such as to reasonably establish the theory relied upon and *to preponderate* to that theory rather than any other reasonable hypothesis." (Emphasis supplied.)

While the trial court went on to charge that the jury would not be authorized to convict on circumstantial evidence alone unless the proven facts excluded every other reasonable hypothesis or conclusion except that of the guilt of the accused, and in other portions of the charge made it clear that the jury must find beyond a reasonable doubt that the defendant was guilty, the charge, as given could tend to mislead the jury into convicting the defendant on the basis of a preponderance of the evidence.

"The jury cannot be expected to select one part of the charge to the exclusion of another, nor to determine whether one part cures a previous error, without having their attention specially called thereto, and being instructed accordingly." *Bryant v. State,* 191 Ga. 686, 720 (13 SE2d 820); *Reece v. State,* 210 Ga. 578 (2a) (82 SE2d 10); *Ayers v. State,* 214 Ga. 156, 159 (103 SE2d 574). This rule has been applied in certain cases, not only where the correct charge was given after intervening instructions but where it immediately followed the incorrect charge. *Bryant v. State,* supra; *Caison v. State,* 171 Ga. 1, 7 (154 SE 337).

2. The trial court charged the jury, "While there are two counts, each one should be considered separately, and you should reach your verdict as to each one, irrespective of the other, although you can use all of the evidence relative to each count in determining whether or not the

defendant is guilty as to each offense." The trial court went on to charge the jury specifically regarding the possession of LSD, the sale and distribution of LSD and stated that the jury could convict on either or both counts if they found defendant guilty beyond a reasonable doubt on such count.

*Code Ann.* § 26-506 (a) provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may, not, however, be convicted of more than one crime if (1) one crime *is included* in the other, or (2) the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." (Emphasis supplied.) The indictment shows that the two offenses allegedly took place on the same date. The evidence conclusively shows that defendant's arrest arose out of a single transaction. According to the State's witnesses only the drugs sold to the State's witness Ailiff were found to have been in the defendant's possession. Thus defendant's conviction of the offense of illegal selling and distributing LSD necessarily included the offense of possessing LSD and vice versa. While it was proper to indict for both offenses, try both offenses together, it was not proper under *Code Ann.* § 26-506 (a) to convict on both counts of the indictment, and the trial court erred in so charging the jury.

3. The evidence showed that defendant was a high school student and that on the day in question James Ailiff, a fellow student, while in the hall at school, overheard defendant say that "he had some acid." Later Ailiff went up to the defendant in the school parking lot and asked defendant if he would sell him some LSD and made arrangements to meet defendant at a drive in restaurant at six o'clock that afternoon to consummate the sale. Subsequently, Ailiff contacted law enforcement officers and advised them of what had occurred. The officers gave Ailiff two marked five dollar bills with which to make the

purchase. Two officers placed the scene under surveillance. At the appointed hour, defendant, with others in his vehicle, drove into the parking lot. In testifying for the State the witness James Ailiff swore that the illicit transaction had occurred. Defendant was arrested by the officers as he started to leave the parking lot.

At the conclusion of the evidence, defendant submitted an oral request to the court which was later reduced to writing, to charge *Code. Ann.* § 27-101.2 (a) and (b) which provides: "Any person, other than a law enforcement officer, who furnishes information leading to the arrest and conviction of a person who is charged with selling dangerous drugs under Code section 79A-703, or who is charged with selling narcotic drugs under Code section 79A-803, or who is charged with selling drugs under both Code sections, may receive a reward of up to $200 which shall be payable at the time the conviction becomes final. The Governor, at his discretion, may pay such reward to any such person from funds appropriated or otherwise available to the Executive Branch of the State Government. (b) Counties and municipalities wherein the crime was committed are hereby authorized, but not required, to supplement or make rewards to persons pursuant to subsection (a) of this section in an amount not to exceed $200 paid from county funds and $200 paid from municipal funds for each such person. Any rewards paid pursuant to this section shall be paid at the time the conviction becomes final from the funds of any such county or municipality or from the funds of any such county and municipality, as the case may be. It is hereby declared that any funds expended pursuant to this subsection shall be expended for a public purpose." The trial court declined to give the requested charge.

The interest or want of interest of a witness is always relevant to the trial of a case. *Code* § 38-107. The credibility of a witness is a matter to be determined by the jury under proper instructions by the court. *Code* § 38-1805. That the interest of a witness in the result of a case may

always be considered in passing upon his credibility, is basic and fundamental.

Defendant's oral request (later written) does not comply with the provisions of *Code Ann.* § 70-207 (b) relating to requests to charge. Had the written request been timely submitted to the court and served on the district attorney, the complaint here would be meritorious.

4. Ground 4 is without merit.

5. Ground 5 is without merit. The record shows the question objected to was withdrawn by the State. Defendant did not make a motion for mistrial or otherwise indicate to the trial court that he had been harmed by the question.

6. Ground 6 is without merit. It appears that the question objected to was withdrawn by the State. Defendant did not make a motion for mistrial or otherwise indicate that he had been harmed by the question.

7. For the reasons set forth in Divisions 1 and 2 of the opinion, the trial court erred in overruling defendant's motion for new trial.

*Judgment reversed. Bell, C. J., and Evans, J., concur.*
SUBMITTED APRIL 4, 1972—DECIDED APRIL 21, 1972.

*Richard D. Phillips,* for appellant.