## 28266. PLESS v. THE STATE.

MOBLEY, Chief Justice. Tony Pless was found guilty of armed robbery and sentenced to life imprisonment. This appeal is from that conviction and sentence.

1. Enumerated error one alleges that the court erred in its charge to the jury on circumstantial evidence, in that the words "to preponderate" were used in the instruction. The instruction complained of was as follows: "Now when circumstantial evidence is relied upon to establish a fact, the evidence must be such as to reasonably establish the theory relied upon, to preponderate to that theory other than to any other reasonable hypothesis."

Almost immediately after giving the charge complained of, the court charged: "However, before you would be authorized to convict on circumstantial evidence alone, the proven facts must not only be consistent with the hypothesis, or conclusion, of guilt, but must exclude every reasonable hypothesis or conclusion except that of guilt of the accused. . ." The court repeatedly instructed the jury that the appellant's guilt must be proved beyond a reasonable doubt, both before and after using the words "to preponderate" on the charge on circumstantial evidence.

This court in a number of cases has held that although it is the better practice in a criminal case not to charge the law on the preponderance of the evidence, to do so does not require a reversal of the judgment of the trial court. *Williams v. State,* 125 Ga. 302 (3) (54 SE 108); *McLeod v. State,* 128 Ga. 17 (5) (57 SE 83); *Holmes v. State,* 131 Ga. 806 (2) (63 SE 347); *Howell v. State,* 160 Ga. 899 (5a) (129 SE 436).

In the present case the state did not rely on circumstantial evidence alone to establish the guilt of the appellant. His written statement, which was introduced in evidence, clearly established the fact that he and three other persons went to the place of business of the deceased to rob him. Hunter, the leader of the group, stated before he entered the store that he would have to kill the deceased, as the deceased knew him, and he walked in and shot and killed the deceased. He then told the appellant to

take all the money from the cash register and place it in a sack, which the appellant did. The four men then drove away and came to Atlanta.

The Supreme Court of the United States in Chapman v. California, 386 U. S. 18 (2) (87 SC 824, 17 LE2d 705, 24 ALR3d 1065), held that: "Before a constitutional error can be held to be harmless the court must be able to declare its belief that it was harmless beyond a reasonable doubt."

In view of the direct evidence authorizing the verdict of the jury, and the repeated instructions to the jury on the state's duty to prove the guilt of the appellant beyond a reasonable doubt, we are convinced that the use of the words "to preponderate" in the charge on circumstantial evidence did not confuse the jury, and was harmless error beyond a reasonable doubt.

2. The second enumerated error alleges that the court erred in allowing the state to strike jurors for cause by reason of their opposition to capital punishment. Counsel for the appellant objected to the striking of these jurors for cause on the ground that the Supreme Court of the United States had held that Georgia's capital punishment laws could not be imposed.

This court has held that where the appellant was not sentenced to death, he has no standing to object to the striking of jurors opposed to the death penalty. *Walker v. State,* 225 Ga. 734 (1) (171 SE2d 290); *Fountain v. State,* 228 Ga. 306 (2) (185 SE2d 62); *Gaston v. Caldwell,* 229 Ga. 255 (1) (190 SE2d 54). There is no merit in this enumerated error.

3. Enumerated errors three, four, and five allege that the court erred in allowing testimony of Agent Whitley as to the statement by the appellant, in allowing Agent Stone to testify as to the waiver of rights form signed by the appellant, and in allowing in evidence both the waiver of rights form and the appellant's statement, because they were not freely and voluntarily given.

The evidence does not support these contentions. The officers testified that the appellant's statement and waiver of rights form were freely and voluntarily given. The appellant was 18 years of age and was apparently normal and mentally competent at the time he gave the statement. He signed the statement and the waiver card after his constitutional rights had been explained to him.

The court properly allowed the appellant's signed statement and waiver card in evidence because he was advised of his constitutional rights, and his statement was freely and

voluntarily given without hope of reward or fear of punishment. *Blair v. State,* 230 Ga. 409 (3) (197 SE2d 362); Miranda v. Arizona, 384 U. S. 436, 444 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974). The court made a determination of the admissibility of the evidence outside the presence and hearing of the jury. *Freeman v. State,* 230 Ga. 85 (2) (195 SE2d 416); Jackson v. Denno, 378 U. S. 368, 378 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205). These enumerated errors are without merit.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent.*

ARGUED SEPTEMBER 12, 1973 — DECIDED OCTOBER 5, 1973.

*Russell, McWhorter & Adamson, Robert W. Adamson,* for appellant.

*Nat Hancock, District Attorney, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Dean Grindle, Deputy Assistant Attorney General,* for appellee.