## 50608. LACKEY et al. v. THE STATE.

CLARK, Judge.

This is an appeal by three defendants from a judgment denying their motion for new trial following conviction upon two counts of burglary.

1. While error is enumerated upon the overruling of the general grounds, defendants have failed to advance any argument or citation of authority in support of this contention. This enumeration is therefore deemed to have been abandoned under our Rule 18 (c) (2) (Code Ann. § 24-3618). Such refusal should not be considered "judicial chauvinism." As our Supreme Court pointed out in *Wade v. Ray,* 234 Ga. 234, 235 (214 SE2d 923): "Imposition of Rule 18 (c) (2) is not inconsistent with the spirit of the 1965 Appellate Practice Act, Code Ann. § 6-809. Counsel may have decided that the unargued question lacked merit, or that decision of it was not wanted. The court is reluctant to voluntarily decide questions which have not been urged or-briefed. Of course, these reasons may be inapplicable in cases where appellant is not represented by counsel."

2. Defendants contend the following italicized portion of the court's charge constituted an improper comment on defendant's failure to testify in their behalf: "Now, a reasonable doubt means just what it says. It is a doubt of a fair-minded, impartial juror who is honestly seeking the truth and not an arbitrary or capricious doubt, but a doubt arising from a consideration of the evidence or from a conflict to the evidence, or from the statement of the Defendant, or from the lack of evidence. *There was no testimony of the Defendants, delete that.*"

The charge objected to contains language similar to that reviewed by this court in *Head v. State,* 58 Ga. App. 375 (198 SE 550), wherein the jury was charged, in part, as follows: "A reasonable doubt is not a vague conjecture or a bare possibility of innocence, but it is a doubt arising from the evidence, or from a conflict in the evidence, or —*I was about to say the defendant's statement, but I don't believe the defendant made a statement in this case.*" The exception to that portion of the charge was held to be without merit, since the charge "did not instruct the jury that they could consider the failure of the defendant to

make a statement, in making up their verdict, . . . nor was the charge so framed, or given in such connection, as to leave the jury to understand that his failure to make a statement could or should be counted against him." Thus, it is held that remarks of the kind presented here do not constitute cause for a new trial unless they occur in such a manner as to imply to the jury that the defendant's failure to testify should be construed against him. *Carter v. State,* 7 Ga. App. 42 (65 SE 1090); *Tucker v. State,* 29 Ga. App. 221 (1) (114 SE 583); *White v. State,* 118 Ga. App. 515 (164 SE2d 158). And see *Locklear v. State,* 94 Ga. App. 696, 697 (96 SE2d 283), wherein language nearly identical to that complained of here was held to constitute harmless error.

The trial court's language did not instruct the jury to consider defendants' failure to testify as a factor in reaching their verdict; nor did it even remotely imply that defendants' failure to testify should be construed against them. Moreover, the trial judge apparently cured any potentially erroneous impression by stating, "delete that," with reference to his previous remarks. Under these circumstances, the judge's inadvertent slip of the tongue would provide no basis for a new trial.

3. The remaining enumeration of error challenges the correctness of the following portion of the court's charge: "Now, when circumstantial evidence is relied upon to establish fact, the evidence must be such as to reasonably establish .the theory relied upon *to preponderate* to that theory rather than to any other reasonable hypothesis." (Emphasis supplied). In *Wells v. State,* 126 Ga. App. 130 (190 SE2d 106), a nearly identical charge was held to constitute reversible error, since the jury may have been misled into convicting the defendant on a standard less stringent than "beyond a reasonable doubt." The trial court in *Wells,* as well as in the case sub judice, went on to charge that the jury would not be authorized to convict on circumstantial evidence alone unless the proven facts excluded every other reasonable hypothesis or conclusion except that of the guilt of the accused. Moreover, other portions of the charge clearly stated that the jury must find the defendant guilty beyond a reasonable doubt. Nevertheless, the *Wells* instruction was held to require a new trial on the basis that "the

charge, as given, could tend to mislead the jury into convicting the defendant on the basis of a preponderance of the evidence." (P. 131).

Subsequent to the ruling in *Wells,* our Supreme Court passed upon this same type charge in *Pless v. State,* 231 Ga. 228 (200 SE2d 897). There it was held that "although it is the better practice in a criminal case not to charge the law on preponderance of the evidence, to do so does not require a reversal of the judgment of the trial court [cits.]." In concluding that "the use of the words 'to preponderate' in the charge on circumstantial evidence did not confuse the jury and was harmless error beyond a reasonable doubt," the court relied upon two factors: (1) The trial court repeatedly instructed the jury, both before and after the erroneous language, that the defendant's guilt must be proved beyond a reasonable doubt; and (2) the state presented direct evidence authorizing the jury's verdict and did not rely upon circumstantial evidence alone to establish the defendant's guilt. In *Queen v. State,* 131 Ga. App. 370 (205 SE2d 921), our court utilized the rationale of the *Pless* holding in ruling that a similar charge constituted harmless error where these two factors were found to be present.

In the case sub judice, the jury was properly instructed numerous times that defendants' guilt must be proven beyond a reasonable doubt. The evidence introduced, however, was wholly circumstantial. Unlike *Pless* and *Queen,* the defendants herein made no confession or incriminating statement, and there was no direct evidence showing the three defendants to have been the perpetrators of the burglaries. Since the jury necessarily reached its verdict on the basis of circumstantial evidence alone, we are unable to conclude that the erroneous jury instruction concerning the state's burden with regard to this type of evidence was harmless error. The charge, as in *Wells,* may well have misled the jury into convicting defendants on the basis of a preponderance of the evidence. This error necessitates a new trial.

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED MAY 7, 1975 — DECIDED SEPTEMBER 3, 1975.

*Richard J. Burkett,* for appellant.
*Nat Hancock, District Attorney,* for appellee.