50897. BRAMBLETT v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of theft by taking and appeals. *Held:*

1. Defendant filed a pre-trial motion to suppress evidence because of an unlawful search and seizure. Defendant alleged that he and another defendant were arrested by police at the residence of the latter without a warrant and that at the time the arresting officers seized a truck belonging to the other defendant. Thereafter a warrant for the search of the truck was obtained and on its execution certain items were seized which the state contends were stolen and which it intends to offer in evidence at the defendants' trial. The trial court dismissed the motion without a hearing holding that defendant as a matter of law failed to comply with Code § 27-313 by failing to show that defendant was aggrieved by an unlawful search and seizure. This was error. The motion sufficiently alleges that defendant had standing to challenge the legality of his arrest, the seizure of the vehicle and the following search. The facts alleged in the motion can be fairly construed to state that defendant was legitimately on the premises of the other defendant at the time of their arrest and seizure of the latter's truck and therefore the fruits of the search and seizure were proposed to be used against him. Defendant was aggrieved by an unlawful search and seizure under Jones v. United States, 362 U. S. 257 (80 SC 725, 4 LE2d 697). It was error for the trial court to dismiss the motion without a hearing to consider its merits. Since the court held no hearing and did not rule on the merits, we will not decide whether the seizure and search was lawful or not.

2. The defendant set up the defense of alibi when he testified that he was approximately one quarter of a mile away from the scene where this alleged theft took place.

The court did not charge on this defense. It is reversible error to fail to charge on alibi where there is some evidence to support this defense even in the absence of a request. *Willingham v. State,* 131 Ga. App. 851 (207 SE2d 249).

3. The court charged the jury: "When circumstantial evidence is relied upon to establish a fact, the evidence must be such as to reasonably establish that theory, and to preponderate to that theory rather than to any other reasonable hypothesis." In *Wells v. State,* 126 Ga. App. 130 (190 SE2d 106), an identical charge was held harmful error even though immediately following this charge the court correctly instructed on the sufficiency of circumstantial evidence in a criminal case. This court felt that it tended to mislead the jury into convicting the defendant on the basis of a mere preponderance of the evidence. In *Pless v. State,* 231 Ga. 228 (200 SE2d 897), in an identical situation, the Supreme Court held that using the words "to preponderate" in a charge on circumstantial evidence was harmless error for in *Pless* the state did not rely on circumstantial evidence alone for there was direct evidence of guilt. Here the whole case by the state is a circumstantial one. Therefore, *Wells* controls for we cannot say that the erroneous charge was harmless beyond a reasonable doubt. *Pless v. State,* supra.

4. As we reverse for the above errors and since a new trial may be required, we will not pass on the sufficiency of the evidence to authorize the conviction.

5. All other enumerations are without merit.

*Judgment reversed. Webb and Marshall, JJ., concur.*

Submitted September 15, 1975 — Decided September 22, 1975.

*William Ralph Hill, Jr.,* for appellant.
*Samuel J. Brantley, District Attorney,* for appellee.