## 51747. ADAMS v. THE STATE.

QUILLIAN, Judge.

The defendant appeals his conviction of voluntary manslaughter. In this court the following errors are enumerated. "1. The Court erred in not requiring the State to produce during the trial upon request of defendant's counsel the weapon used by the victim to assault the defendant and defendant's wife and to allow the same to be used by defendant's counsel in his examination of the investigating GBI agent. 2. The Court erred in charging the jury that when circumstantial evidence is relied upon to establish a fact, the evidence must be such as to reasonably establish the theory relied upon to preponderate to that theory rather than any other reasonable hypothesis. 3. The Court erred in failing to

charge the jury that the jury would be entitled to consider the sworn testimony of the defendant on the same basis as the sworn testimony of all other witnesses and that it would be entitled to such weight and credit as the jury might give such sworn testimony according to the rules for resolving conflicts in testimony among witnesses as the Court had previously charged. 4. The trial court erred in failing to charge the law of justifiable homicide." *Held:*

1. The first enumeration of error involves a stick which according to defendant's testimony was used by the victim during an altercation which occurred approximately one hour prior to the homicide. Originally on cross examination of a state's witness counsel for both sides disagreed on the point of whether the state should be required to introduce it into evidence. During the colloquy an issue was also raised as to whether the stick could be produced by subpoena. Counsel for defendant never contended that he did not know about the stick, but argued that the state should bring it forth into evidence.

The situation here is not identical to one where "the accused has not been apprised of information in the possession of the prosecution which may exonerate him or reduce punishment" as discussed in *Mobley v. State,* 130 Ga. App. 80, 84 (202 SE2d 465). Even when that occurs the accused must show that his defense was so impaired that he was denied a fair trial. *Wisdom v. State,* 234 Ga. 650, 652 (217 SE2d 244). At most the only consequence the defendant suffered was not having the stick itself placed in evidence.

The "stick" was described by two state's witnesses in considerable detail and counsel for defendant was allowed to thoroughly cross examine them on the subject. In view of this and the further circumstances herein involved we find that any error in the judge's ruling was harmless. *Johnson v. State,* 30 Ga. App. 639, 640 (118 SE 702); *Davis v. State,* 40 Ga. App. 123 (149 SE 51); *Loeb v. State,* 75 Ga. 258 (5).

2. In *Wells v. State,* 126 Ga. App. 130 (190 SE2d 106), the same language as the portion of the charge assigned as error was held to constitute reversible error.

However, this same instruction was found not to constitute error in *Pless v. State,* 231 Ga. 228 (1) (200 SE2d 897), and *Woods v. State,* 233 Ga. 495, 499 (212 SE2d 322), (1) where the charge was preceded and followed by instructions that the defendant's guilt must be proved beyond a reasonable doubt, (2) there was direct evidence authorizing the jury verdict and the state did not rely solely upon circumstantial evidence for conviction. These are the circumstances here. Hence, we are bound to follow the above decisions. *Queen v. State,* 131 Ga. App. 370, 371 (205 SE2d 921). Compare *Lackey v. State,* 135 Ga. App. 632 (218 SE2d 648).

3. Where as here there was no request to charge regarding the weight and credit to be accorded the defendant's testimony, it was not error to omit charging on such subject. *Jester v. State,* 131 Ga. App. 269 (205 SE2d 444); *Patterson v. State,* 233 Ga. 724, 727 (4) (213 SE2d 612).

4. As to a charge on justification there was no evidence to warrant such charge. See Criminal Code of Georgia § 26-902 (Code Ann. § 26-902; Ga. L. 1968, pp. 1249, 1272).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED FEBRUARY 4, 1976 — DECIDED FEBRUARY 26, 1976 — REHEARING DENIED MARCH 26, 1976.

*Davis, Davidson & Hopkins, Jack S. Davidson, Robinson, Harben, Armstrong & Millikan, Sam S. Harben, Jr.,* for appellant.
*Nat Hancock, District Attorney,* for appellee.