52303. BARNER et al. v. THE STATE.
52304. BEAL v. THE STATE.
52305. SMALLWOOD v. THE STATE.
52306. HOLLAND v. THE STATE.

SUBMITTED MAY 24, 1976 — DECIDED JUNE 14, 1976.

*Paris & Burkett, Richard J. Burkett,* for appellants (case nos. 52303 and 52306).

*W. Michael Strickland,* for appellant (case no. 52304).

*Healan & Mason, William `D. Healan, Jr.,* for appellant (case no. 52305).

*Nat Hancock, District Attorney,* for appellee.

DEEN, Presiding Judge.

1. The appellants in 52303 urge that the indictment against them should have been dismissed. The case was originally called on February 9, 1976, issue was joined and the clerk began to call the names of the first 42 jurors. The state thereupon announced that it could not proceed and that it would call another case, because the appellants had filed a motion to suppress. Then the names of the entire jury panel were called to determine their presence or absence, the panel was qualified and given the

oath of Code § 59-706. On February 12, 1976, the case against appellants was called again, the motion to dismiss overruled and the conviction resulted.

Code Ann. § 26-507 (a) (2) provides: "A prosecution is barred if the accused was formerly prosecuted for the same crime, based upon the same material facts, if such former prosecution was terminated improperly after the jury was impaneled and sworn. . ." In the first instance, the prosecution was not "terminated" but merely continued until the motion to suppress could be heard; the trial resumed three days later with the same jury panel. Secondly, the jury was not "impaneled and sworn" within the meaning of § 26-507 (a) (2) because the oath in criminal cases of Code § 59-709 had not been administered. There was no error in overruling the motion to dismiss the indictment.

2. The appellants in 52303 and in 52306 urge reversible error in failing to suppress identification testimony. Both identifications were preindictment; as such United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149), Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178) and Stovall v. Denno, 388 U. S. 293 (87 SC 1967, 18 LE2d 1199) are inapplicable. Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411). In the preindictment situation it is the "totality of the circumstances" which must be considered and "the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation. . ." Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401). The persons making the identifications in both cases were eyewitnesses to the crime and the record reveals no error in allowing the in-court identification. *Yancey v. State,* 232 Ga. 167 (205 SE2d 282).

3. The appellants in 52303 cite as error the court's refusal to charge Code Ann. § 26-702 on mental capacity and that prior and subsequent conduct could be considered as showing a lack of wilful intent. The record reveals that the appellants' story was that they were too

drunk to remember what had happened. The jury was fully instructed on intoxication under Code Ann. § 26-704. There was no error.

4. The appellants in 52304 and 52305 predicate error upon allowing statements of their co-defendant into evidence under the co-conspirator exception to the hearsay rule. Objection was made to the statement as "hearsay against the other two defendants and prejudicial and therefore inadmissible." This is true but in a joint trial, the testimony relating each of the statements was admissible against at least one of the co-defendants. Code § 38-414. " 'The trial court was not requested to limit the admissibility of such testimony to the co-defendant against whom it was admissible. We find no error here.' *Poston v. State,* 233 Ga. 828, 830 (213 SE2d 686) . . . [S]ince the testimony was admissible, though only for a limited purpose, the trial judge did not err in refusing to exclude it completely from the evidence." *Munsford v. State,* 235 Ga. 38, 44 (218 SE2d 792).

5. The appellants in all four cases object to the following charge: "When circumstantial evidence is relied upon to establish a fact, the evidence must be such as to reasonably establish the theory relied upon to *preponderate* to that theory rather than to any other reasonable hypothesis. The comparative weight of circumstantial evidence on any given issue is a question of fact for the determination of you the Jury." (Emphasis supplied.) This charge was held to be erroneous in *Wells v. State,* 126 Ga. App. 130 (1) (190 SE2d 106). However, the Supreme Court upheld the same charge in *Pless v. State,* 231 Ga. 228 (200 SE2d 897). The *Pless* decision has been interpreted as requiring two factors in order to hold the charge to be harmless: (1) repeated instructions that guilt must be proved beyond a reasonable doubt; and (2) direct evidence authorizing the jury's verdict. *Lackey v. State,* 135 Ga. App. 632 (3) (218 SE2d 648). Reviewing the records and charges in the cases before us, we find these factors to be present and therefore hold the erroneous charge to be harmless. *Queen v. State,* 131 Ga. App. 370 (205 SE2d 921).

6. The appellants in 52304 and 52305 argue that the trial judge erred when he charged in the language of Code

Ann. § 79A-812: " 'Any person who attempts or conspires to commit any offense defined in this chapter shall be punished by imprisonment' — no, I had better not put that in there. I believe that's all I'm supposed to charge in this." We are cited to *Moore v. State,* 228 Ga. 662 (187 SE2d 277) and *Hasp v. State,* 228 Ga. 806 (1) (188 SE2d 511). We note, however, the following language in *Ford v. State,* 232 Ga. 511, 519 (207 SE2d 494): "It is obvious, in the present case, that the trial judge inadvertently began to read the punishment for involuntary manslaughter, and stopped abruptly, realizing that the punishment should not be mentioned at that stage of the trial. He gave no other charge on possible sentences, and, as shown by the language quoted, instructed the jury to disregard his statement about the punishment. . ." There was no harmful error here for the same reason.

7. Other enumerations of error in 52304 and 52305, going to the trial judge's charge, are not erroneous for any of the reasons cited.

8. The evidence is sufficient to support the verdict of guilty of burglary in 52303.

9. The evidence is sufficient to support the verdict of guilty of attempting to obtain possession of a controlled substance through forgery under Code Ann. § 79A-812 in 52306.

10. The evidence however is insufficient to support the guilty verdicts in 52304 and 52305. The appellant in 52306, Holland, made a statement to the officers admitting that he had attempted to obtain drugs with a forged prescription. His statement in no way implicates appellants Beal and Smallwood in a conspiracy to obtain the contraband. We quote from his statement: "At about 11:30 a.m. this date Jerry Smallwood and Edward Beal came by my house and ask me to go ride around. I ask them to bring me to Winder. They said o.k. I told them I wanted to go to Winder and try to get some demerol and *I told them I had the scrip to get it with. . ."* (Emphasis supplied.) The state's witnesses identified Holland as the one who had tried to fill the forged prescription but neither could identify the other two defendants. The only evidence linking the appellants in 52304 and 52305 to the "crime" was that when their car was stopped Holland was

in the back seat. There is absolutely no evidence in the record from which it was either circumstantially or directly shown that Beal and Smallwood entered into a corrupt agreement to obtain controlled drugs through *fraud or forgery,* an essential element of conspiracy under Code Ann. §§ 26-3201, 79A-812 and 79A-822 (a) (3). The most that can be said is that they agreed to drive Holland to fill a prescription, though not necessarily a prescription they knew to be fraudulent or forged and that after Holland's attempts failed they were found in his presence when arrested. This is not sufficient to support a verdict of guilty of conspiracy. *Patterson v. State,* 126 Ga. App. 753, 756 (191 SE2d 584). There being no evidence of conspiracy, Holland's attempt to fill the forged prescription does not bind Beal and Smallwood and the verdicts finding them guilty of violating Code Ann. § 79A-812 are unsupported by the evidence. *Reardon v. State,* 226 Ga. 232 (1) (173 SE2d 706).

*Judgments affirmed in 52303 and 52306; reversed in 52304 and 52305. Quillian and Webb, JJ., concur.*