54839. MOSS v. THE STATE.

SHULMAN, Judge.

Appellant was convicted of burglary of a storeroom at the Cobb County Adjustment Center. At the time of the crime, appellant was an inmate of that institution.

1. Appellant enumerates as error the admission into evidence of the order by which he was transferred from Cobb County Jail to the Cobb County Adjustment Center. He contends that his character was thereby placed in issue in contravention of Code Ann. § 38-202.

That evidence was material and relevant to explain the conduct of the witness in seeking and arresting appellant. That witness was the director of the center. "[E]vidence otherwise admissible does not become inadmissible simply because it incidentally puts the appellant's character in issue. [Cit.]" *Jones v. State,* 139 Ga. App. 643, 644 (229 SE2d 121). The enumeration is

without merit.

2. Denial of a motion for directed verdict of acquittal which was made on the ground that the state failed to show that anything was actually stolen is also enumerated as error. That enumeration is equally without merit. There was eyewitness testimony that appellant broke into the storeroom and loaded several boxes from there into his car. That is a sufficient showing of burglary. Code Ann. § 26-1601.

3. In an attack on his sentence of 20 years, appellant contends that the court offered him a 5-year sentence in this case if he would plead guilty to another pending charge, in effect threatening him with 20 years if he appealed this conviction. This contention is wholly without support in the record. The discussion to which appellant refers contained no reference to appeals. It was merely a plea bargaining session in which the court questioned the prosecutor as to his willingness to have appellant receive a sentence on the second case running concurrently with the sentence in this case. There was no offer of a 5-year sentence in this case. Nothing the trial judge said can reasonably be construed as a threat.

4. Prior convictions of appellant were tendered into evidence at the sentencing phase of the trial. Objection was made to one of them because the state's intention to submit that conviction was not disclosed prior to trial. Code Ann. § 27-2503. The court admitted the record into evidence and sentenced appellant to 20 years. Appellant contends that the sentence must be set aside.

The state argues that the purpose of the statute requiring disclosure prior to trial has been served because there were almost three weeks between the guilt and sentence phases of the trial. *Queen v. State,* 131 Ga. App. 370 (4) (205 SE2d 921), is cited for authority that substantial compliance is sufficient, so long as a defendant has time to prepare for the sentence hearing. *Queen* does contain an analysis of the legislature's intent in passing former Code Ann. § 27-2534 (replaced by § 27-2503), but it does not suggest that the statute need not be literally followed. In fact, this court in *Queen* remanded the case for resentencing.

The state also urges that the trial court was

authorized to take judicial cognizance of prior conviction in that court. That argument was answered by this court in *Paschal v. State,* 139 Ga. App. 842, 845 (229 SE2d 795): "We are aware of no exception permitting a trial judge to judicially note prior convictions of his own court without compliance with the statute, and counsel has cited none. [Cit.]"

In *Munsford v. State,* 235 Ga. 38 (218 SE2d 792), our Supreme Court declined to reverse because the report which was improperly submitted was not used by the trial judge to increase the length of the sentence. We have no such assurance here. This case must, therefore, be reversed as to sentence only and remanded for a new sentence hearing. *Paschal v. State,* supra.

5. Denial of appellant's motion for a new trial is also enumerated as error. That enumeration was based on the existence of errors of law in the guilt phase of appellant's trial. Since we have found no error in that phase of the trial, we see no error in denying the motion.

*Judgment reversed as to sentence only and remanded for resentencing. Bell, C. J., and Banke, J., concur.*

Submitted November 8, 1977 — Decided December 1, 1977.

*Charles A. Cole, Jr.,* for appellant.

*Thomas J. Charron, District Attorney, Adele P. Grubbs, Assistant District Attorney,* for appellee.